Hon. Ronald B. Leighton

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

9

DEBORAH LEPINE, individually and on
behalf of all others similarly situated,

10

11                                              Plaintiff,

12        v.

13   PETCO ANIMAL SUPPLIES STORES, INC.,
a Delaware Corporation,

14

15                                              Defendant.

No. 3:17-cv-05483-RBL

**PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT OF UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

NOTE ON MOTION CALENDAR:
July 17, 2018

16

17

18

19

20

21

22

23

24

25

26

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## <u>TABLE OF CONTENTS</u>

I.    FACTUAL BACKGROUND ............................................................................................ 1

II.   PROCEDURAL BACKGROUND ................................................................................. 2

III.  THE PROPOSED SETTLEMENT TERMS .................................................................. 3

IV.  ARGUMENT ............................................................................................................... 5

     A.     The Settlement Class Satisfies the Requirements of Rule 23(a) ......................... 6

          1.     Rule 23(a) Requirements for Class Certification Have Been
               Met ........................................................................................................ 6

          2.     Rule 23(b)(3) Requirements for Class Certification Have
               Been Met ............................................................................................... 8

     B.     The Settlement is Fair, Reasonable, and Adequate .............................................. 9

          1.     The Settlement Amount is a Fair Compromise in Light of
               the Litigation Risks and Uncertainties .................................................. 10

          2.     The Parties Sufficiently Investigated and Litigated this
               Matter to Allow Counsel and this Court to Conclude that
               the Settlement is Fair, Reasonable, and Adequate ................................. 17

          3.     The Settlement Was the Product of Informed, Non-
               Collusive, and Arms-Length Negotiations Between
               Experienced Counsel Whom Jointly Support the Settlement ................. 17

          4.     The Proposed Notice and Claims Process Are Reasonable .................... 18

          5.     The Notice Provides Appropriate Information Regarding
               Issues to Be Addressed at the Final Approval Hearing ......................... 20

     C.     The Court Should Schedule a Final Approval Hearing ...................................... 20

V.   CONCLUSION ............................................................................................................ 21

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - i

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997).................................................................................8

*In re Beef Indus. Antitrust Litig.,*
607 F.2d 167 (5th Cir. 1979) ................................................................9

*Brady v. AutoZone Stores, Inc.,*
188 Wn.2d 576 (2017) .........................................................................11

*Churchill Vill., L.L.C. v. Gen. Elec.,*
361 F.3d 566 (9th Cir. 2004) ..............................................................9

*Demetrio v. Sakuma Bros. Farms, Inc.,*
183 Wash. 2d 649 (2015)..............................................11, 12, 13, 14

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974)............................................................................18

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) ...................................................... *passim*

*Helde v. Knight Trans., Inc.,*
No. C12-0904RSL, 2014 WL 11958636 (W.D. Wash. Aug. 19, 2014)................................13

*Helde v. Knight Transportation, Inc.,*
No. C12-0904RSL, 2016 WL 1687961 (W.D. Wash. Apr. 26, 2016) ...........................13, 14

*Hill v. Garda,*
198 Wn. App. 326 (2017) ...................................................................13

*Hughes v. Microsoft Corp.,*
No. C98-1646C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001).......................17

*Lewis v. Starbucks Corp.,*
2008 WL 4196690 (E.D. Cal. Sept. 11, 2008)...............................................17, 20

*McNamara v. Bre-X Minerals Ltd.,*
214 F.R.D. 424 (E.D. Tex. 2002)........................................................20

*In re Mego Fin. Corp. Sec. Litig.,*
213 F.3d 454 (9th Cir. 2000) .............................................................16

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - ii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Mendis v. Schneider Nat'l Carriers, Inc.*,
    No. C15-0144-JCC, 2017 WL 497600 (W.D. Wash. Feb. 7, 2017)........................................13

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950).................................................................................................................18

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ...............................................................................................9, 16

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ..................................................................................16

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999).................................................................................................................18

*Pellino v. Brink's, Inc.*,
    164 Wash. App. 668 (2011) ........................................................................................11, 12, 13

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985).................................................................................................................18

*Rannis v. Recchia*,
    380 F. App'x 646 (9th Cir. 2010) .............................................................................................7

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ..................................................................................................16

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ..................................................................................................18

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ................................................................................................10

*Vaquero v. Ashley Furniture Indus., Inc.*,
    824 F.3d 1150 (9th Cir. 2016) ..................................................................................................8

*Wingert v. Yellow Freight Systems, Inc.*,
    146 Wash. 2d 841 (2002)...........................................................................................11, 12, 14

*Wren v. RGIS Inventory Specialists*,
    No. C–06–05778 JCS, 2011 WL 1230826 (N.D. Cal. April 1, 2011) .......................................9

**Statutes & Regulations**

RCW 49.46.130(1)........................................................................................................................7

RCW 49.52.070 ..........................................................................................................................12

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - iii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

WAC 296-126-092 ......................................................................................... *passim*

WAC 296-131-020 ..........................................................................................12, 13

**Rules**

Federal Rule of Civil Procedure 23 ................................................................. *passim*

**Other Authorities**

4 William B. Rubenstein, Newberg on Class Actions § 13:42 (5th ed. 2014) ............................20

*Manual for Complex Litigation* § 21.61 (4th ed. 2004) ................................................................6

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - iv

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

This class action was brought on behalf of approximately 911 non-exempt employees who were employed as pet groomers and/or in similar capacities for work performed in Washington State ("Class Members") at any time between June 22, 2014 and May 1, 2018 ("Class Period"). Plaintiff Deborah LePine ("Plaintiff") now seeks preliminary approval of a proposed non-reversionary $875,000 class settlement of wage and hour claims against Petco Animal Supplies Stores, Inc., ("Defendant" or "Petco").

Plaintiff respectfully submits that the proposed Settlement Agreement ("SA") satisfies all the criteria for preliminary settlement approval under Federal Rule of Civil Procedure 23 and is fair, adequate, and reasonable.[1] Accordingly, Plaintiff requests that the Court grant preliminary approval of the proposed Settlement, conditionally certify the proposed Settlement Class, appoint Plaintiff as Class Representative, appoint Plaintiff's counsel as Class Counsel, approve the proposed Class Notice and plan, and schedule a final approval hearing.

## I.    FACTUAL BACKGROUND

Petco sells specialty animal products and services such as pet grooming in its stores throughout the United States, including 54 stores in Washington State. This case is limited to Washington conduct and Washington employees. Copley Decl. ¶ 3. Throughout the Class Period, Petco employed Class Members to perform pet grooming services. *Id.* ¶ 4.

From the beginning of the Class Period until May 7, 2016, Petco compensated Class Members the greater of either (a) a commission equal to 40%, 50%, or 60% of the sales price of the services performed (depending on their job title and service performed), or (b) their base hourly rate or state/local minimum wage. Dkt. 1 ¶ 9. During those pay periods when Class Members were paid on a commission basis ("Commission Pay Period"), Petco failed to pay Plaintiff and Class Members for their time spent on statutory rest periods separately and apart from their commission, as required under Washington law. *Id.* ¶ 10-12. Petco also failed to pay Class Members for their missed or untimely meal breaks on those days on which they were

---

[1] The Settlement Agreement is submitted as Exhibit 1 to the accompanying Declaration of T. David Copley ("Copley Decl.").

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

unable to take a timely off-duty meal break. *Id*. ¶ 15. Beginning May 8, 2016, Petco changed its compensation policy to pay Class Members a base hourly pay rate for all hours worked regardless of the services performed and an additional production incentive based on each Class Member's weekly gross sales. Copley Decl. ¶ 4.

## II.     PROCEDURAL BACKGROUND

On June 22, 2017 Plaintiff filed her class action Complaint alleging causes of action for Petco's failure to pay separately and hourly for rest periods during the pay periods Class Members were paid Commission Pay; pay Class Members for missed or untimely meal periods; issue accurate itemized wage statements; pay all wages due at established pay periods; and pay all wages due on termination.

In its Answer to the Complaint, Petco denied Plaintiff's claims. Dkt. 2. Petco further averred that the case should not be certified as a class action, that Class Members are not entitled to separate and hourly pay for rest breaks, and that it complied with Washington law by paying them for their missed meal breaks. *Id*.

Counsel for Plaintiff and Petco are both experienced employment law attorneys. They assessed the case and independently determined that the facts likely could be ascertained, that the dispute would likely turn on discrete questions of law, and that mediation might be worthwhile. Copley Decl. ¶ 5. For Plaintiff's counsel, a significant factor favoring mediation was the possibility of obtaining a speedier recovery for the Class as well as the fact that half way through the Class Period, Petco changed its policy to pay Class Members hourly instead of Commission Pay.

Petco provided initial disclosures and responses to Plaintiff's First Requests for Production of documents. *Id*. ¶ 6. In addition, Plaintiff requested and Petco produced additional "informal discovery" for purposes of mediation including (a) class size, (b) the number of pay periods worked by each Class Member including whether they were paid on a commission basis or an hourly basis; (c) pay data including the amount paid each pay period and the number of

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

meal break violations that were compensated; (d) the punch and punch out times for each Class Member, including the number of hours worked each day and the time and length of each meal breaks (thus showing the number of statutorily required rest breaks and meal breaks and any applicable overtime); (e) Petco's compensation policies; (f) Petco's meal and rest break policies; (g) employee handbooks, and (h) Class Member job descriptions. *Id*. Using this information, Plaintiff's counsel analyzed the data, estimated the damages that might be supported by the evidence under various legal theories and measures, and presented this analysis in a detailed mediation brief that it shared with the Mediator and with Petco (under mediation privilege). *Id*.

On May 1, 2018 the Parties participated in a full-day mediation with Clifford Freed, a highly experienced Seattle-based mediator. *Id*. ¶ 7. Following a day of hard-fought negotiations, the Parties agreed to settle. They executed a term sheet and later negotiated the detailed terms set forth in the Settlement Agreement. *Id*.

Petco does not oppose this motion for preliminary approval.

### III.   THE PROPOSED SETTLEMENT TERMS

The SA resolves all claims of Plaintiff and the proposed Class against Petco. A summary of the Settlement terms follows:

1.   <u>Settlement Fund</u> – Petco will pay $875,000.00 ("Settlement Fund") inclusive of payments for all unpaid wages, interest and penalties to the Class, Plaintiff's counsel's attorneys' fees, costs, and expenses, service awards for the Class Representative, and the costs of settlement administration. This settlement amount is non-reversionary -- none of it will revert back to Petco if the Settlement is approved and becomes final. SA ¶ 8; Copley Decl. ¶ 7(D). Indeed, the Settlement Fund can only increase if the final class size exceeds the currently-understood size by more than 10%. SA ¶ 7.

2.   <u>Class Definition and Class Period</u> – This Class is defined as: all current and former Petco employees employed as pet groomers and/or in similar capacities in Washington

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (3:17-cv-05483-RBL) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

State during the Settlement Class Period (the period of time from June 22, 2014 through May 1, 2018). SA Definitions S, W.[2]

3.    <u>Allocation of Proceeds</u> – The Net Settlement Fund (the amount remaining in the Settlement Fund after court-approved deductions for attorneys' fees, costs, and expenses, settlement administration costs, and Class Representative service award) – will be distributed to Participating Class Members (a) *per capita* in the amount of $200 each; plus (b) *pro-rata* based on each Class Member's comparative number of Commission Pay Periods during the Class Period compared to the total number of all Class Members' Commission Pay Periods during the Class Period. SA ¶ 8(D). In this way, every Class Member will receive some compensation and those Class Members with greater losses, *i.e.,* more Commission Pay Periods worked during the Class Period, will receive additional compensation on a pro-rata basis.

4.    <u>No Claims Made Procedure</u>– Settlement Class Members will not be required to file a claim in order to receive their share of the Net Settlement Fund. They will, however, have the opportunity to opt out of, or object to, the settlement. SA ¶ 3(E).

5.    <u>Class Counsel's Attorneys' Fees, Costs, and Expenses</u> – The SA provides that Plaintiff's counsel may seek a common fund fee award not to exceed $291,637 and reimbursement of reasonable litigation expenses not to exceed $15,000. SA ¶ 3(F). The SA also provides that Plaintiff may seek an Enhancement Payment of $7,500.00 for the Class Representative. *Id.* Plaintiff is not seeking fees, expenses or an enhancement payment at this time. Now, Plaintiff only seeks Preliminary Approval of the Settlement Agreement such that class notice can issue. After the Class has been notified of the proposed settlement, Plaintiff will file a Motion for Final Approval and a Motion for Attorneys' Fees, Expenses and Class Representative Enhancement Payment for the Court's future consideration.

---

[2] The SA correctly defines the Settlement Class Period as the period of time from June 22, 2014 through May 1, 2018, as does SA Exh. A. Settlement Agreement Exhibits B and C contain typographical errors: they mistakenly refer to the end of the Settlement Class Period as May 31, 2018. The accompanying Word version of the Proposed Order Granting Preliminary Approval corrects this mistake.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.    <u>Settlement Administration</u> – The Parties have selected Simpluris, Inc. to serve as the Settlement Administrator. The Settlement Administrator will, among other things, distribute the Class Notice, calculate payouts for each Settlement Class member, resolve any disputes over the Commission Pay Periods, draw and distribute checks to the Settlement Class Members, administer the Settlement Fund, prepare and file any necessary tax reporting for the Settlement Fund, and report to the Parties on the notice/opt out process and payment of the Settlement Fund. SA ¶ 3(C); 8. The SA provides for a payment of up to $25,000 for the Settlement Administrator. *Id.*

7.    <u>Class Notice</u> – The proposed Notice explains the terms of the settlement and how to object and/or opt out. All objections and requests for exclusion must be completed and post-marked within sixty (60) days after the entry of the Preliminary Approval Order. SA ¶ 3(E).

8.    <u>Tax Consequences of Settlement Payments</u> – Each Participating Settlement Class Member's individual settlement payment will be treated as follows: 50% will be allocated alleged unpaid wages for which IRS Forms W-2 will issue; 50% will be allocated to alleged statutory or other non-wage damages and unpaid interest for which IRS Forms 1099-MISC will issue. SA ¶ 8(E).

9.    <u>Consideration and Release of Claims</u> – The release contemplated by the proposed Settlement corresponds to the Complaint, releasing claims arising from or based on Petco's alleged failure to pay separately and hourly for rest breaks and to provide timely meal periods. SA ¶ 2.

## IV.    ARGUMENT

A certified class action may not be dismissed, compromised or settled without approval of the Court. *See* Fed. R. Civ. P. 23(e). Proper review and approval of a class action settlement requires three steps: (1) preliminary approval of the proposed settlement after submission of a written motion; (2) dissemination of mailed and/or published notice of the settlement to all Class Members; and (3) a formal fairness hearing, or final settlement approval hearing, at which Class

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (3:17-cv-05483-RBL) - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *Manual for Complex Litigation* § 21.61 (4th ed. 2004). The decision to approve or reject a proposed settlement is committed to the sound discretion of the court and may be reversed only upon a strong showing of clear abuse of discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

Federal Rule of Civil Procedure 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified (*Hanlon*, 150 F.3d at 1020); and (2) that the settlement is fair, reasonable, and adequate (Fed. R. Civ. P. 23(e)(2)). Here, both of these requirements for preliminary approval of this class action settlement are satisfied.

**A.    The Settlement Class Satisfies the Requirements of Rule 23(a)**

Rule 23(a) sets out four prerequisites for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1)-(4). Furthermore, Rule 23(b)(3) provides that a class action seeking monetary relief may only be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). All of these requirements are met here.

**1.    Rule 23(a) Requirements for Class Certification Have Been Met**

**a.    The Class is Sufficiently Numerous**

The numerosity prerequisite demands that the class be large enough that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). While there is no exact numerical cut-off, courts have routinely found numerosity satisfied with classes of at least forty (40)

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (3:17-cv-05483-RBL) - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

members. *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010). Here, the Class is believed to include 911 people. Copley Decl. ¶ 8(A).

### b. The Commonality Requirement is Satisfied

The commonality prerequisite for class certification concerns the existence of questions of law and/or fact common to the class and is "construed permissively." *Hanlon*, 150 F.3d at 1019.

The common questions here relate to Petco's uniform and state-wide policy and/or practice of compensating Class Members by the piece ("Commission Pay") and of failing to pay Class Members separately and hourly for their rest breaks and failing to provide meal breaks. The existence of these singular company policies as uniformly applied to the entire Class and the question of whether those policies violated WAC 296-126-092, RCW 49.46.130(1), and the MWA satisfy the commonality requirement of Rule 23(a)(2).

### c. Plaintiff's Claims Are Typical of Those of the Putative Class

The typicality prerequisite of Rule 23(a) is met if the named Plaintiff's claims "are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here typicality is satisfied because Plaintiff's claims are the very same as the claims brought by Class Members – they were all employed as non-exempt employees that were subject to the same compensation policies and procedures, alleged and testified that they incurred unpaid wages, and seek the same type of relief.

### d. Plaintiff and Her Counsel Will Continue to Fairly and Adequately Represent the Class

The adequacy prerequisite permits class certification only if the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This means that the proposed class representatives and their counsel cannot have conflicts of interest with the class and must vigorously prosecute the action on behalf of the class. *Hanlon*, 150 F.3d at 1020. Neither Plaintiff nor her counsel have a conflict with any putative Class Member and their

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

interests are coextensive with the Class' interests. Copley Decl. ¶ 8(D-E). Plaintiff's counsel has and will continue to vigorously prosecute the action on behalf of the Plaintiff and the Class. Plaintiff's counsel have significant experience litigating wage and hour class actions and have been certified by numerous state and federal courts as competent and adequate class counsel including numerous Courts within this District. *Id.* ¶ 5.

### 2.    Rule 23(b)(3) Requirements for Class Certification Have Been Met

Under Rule 23(b)(3), plaintiffs must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating controversy."

The common questions raised in this action predominate over any individualized questions concerning the Class. Predominance tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). In other words, courts must determine whether the focus of the proposed class action will be on the actions and conduct of the defendants rather than the behavior of individual class members. *Hanlon*, 150 F.3d at 1022-23. Here, the common questions of whether Petco failed to pay Class Members separately and hourly for their rest breaks and to provide meal breaks, and whether those failures violate the law, predominate over any potential individualized issues. An individual inquiry as to each Class Member's hours worked, and the number of rest breaks and meal breaks each Class Member is entitled to, would not undercut commonality. *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016) ("Under *Tyson Foods* and our precedent, the need for individual damage calculations does not, alone, defeat class certification.").

Further, a class action would be a superior method of adjudication compared to a multitude of individual suits. To determine if the class approach is superior, courts consider: (1) the interest of class members in individually controlling the prosecution of separate actions; (2) the extent and nature of any litigation concerning controversy already commenced by or against

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    members of the class; (3) the desirability of concentrating the litigation in the particular forum;

2    and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ.

3    P. 23(b)(3)(A)-(D). Here, a class action device is preferable because the Class Members do not

4    have a strong interest in controlling their individual claims as the individual prosecution of the

5    claims would be identical to and duplicative of the class action litigation. The use of the class

6    action mechanism here would also efficiently resolve numerous identical claims at the same time

7    while avoiding the waste of judicial resources and eliminating the possibility of conflicting

8    decisions from repetitious litigation. Because there are no manageability issues presented by the

9    resolution of the Class' identical claims under Washington state law, a class action is the superior

10    method for adjudication the claims in this action.

11    **B.      The Settlement is Fair, Reasonable, and Adequate**

12           In deciding whether to approve a proposed class action settlement, the Court must find

13    that the proposed settlement is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2); *Officers*

14    *for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). In exercising their sound

15    discretion to approve settlements, courts regularly consider whether the settlement is fair, non-

16    collusive, and "all the normal perils of litigation as well as the additional uncertainties inherent in

17    complex class actions." *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 179-80 (5th Cir. 1979).

18    Included in this analysis are considerations of "(1) the strength of the plaintiffs' case; (2) the risk,

19    expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class

20    action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery

21    completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the

22    presence of a governmental participant; and (8) the reaction of the class members to the proposed

23    settlement." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing

24    *Hanlon*, 150 F.3d at 1026).

25           Importantly, there is a presumption of fairness "if the settlement is recommended by class

26    counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C–06–05778

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

JCS, 2011 WL 1230826, at *6 (N.D. Cal. April 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Applying these factors to this case, it is clear the proposed settlement is fair, reasonable, and adequate.

1.      **The Settlement Amount is a Fair Compromise in Light of the Litigation Risks and Uncertainties**

The Settlement represents a significant percentage of the maximum value of the unpaid wages (excluding double damages) that Plaintiff contends are owed to the Settlement Class, and is a fair compromise given the uncertainties presented by continued litigation. Copley Decl. ¶ 12. Petco asserted and would have continued to assert legal and factual grounds to defend against this action. While Plaintiff's counsel are confident that Petco violated Washington State law, continued litigation would be costly, time consuming, and uncertain in outcome. Plaintiff would still have to litigate class certification, establish classwide liability, and then prove up various issues regarding damages. Such efforts would likely take years and necessitate expert witness testimony, as well as other costs, risks, and potential delays. Appellate risks could further delay and jeopardize recovery. By contrast, this Settlement ensures timely relief and substantial recovery of the unpaid rest breaks and meal breaks Plaintiff contends are owed to the Settlement Class. *Id.*

a.      **Plaintiff's claims**

Plaintiff alleged that Class Members were not separately compensated on an hourly basis for rest periods they took during those pay periods in which they were paid Commission Pay. *Id.* ¶ 8(B-C). Under Washington law, "[e]mployees shall be allowed a rest period of not less than 10 minutes, on the employers' time, for each 4 hours of working time." WAC 296-126-092 (4). If an employee works more than six hours in a day, he or she is entitled to two rest periods since "[n]o employee shall be required to work more than three hours without a rest period." *Id.*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (3:17-cv-05483-RBL) - 10

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    In *Wingert v. Yellow Freight Systems, Inc.*, 146 Wash. 2d 841, 848 (2002), the

2    Washington Supreme Court held that the statutory provision, "on the employer's time," means

3    that an employer must compensate employees hourly and separately for their time spent taking

4    rest periods authorized under Washington Law." In *Demetrio v. Sakuma Bros. Farms, Inc.*, 183

5    Wash. 2d 649, 659 (2015), the Washington Supreme Court confirmed that an employer's

6    obligation to pay wages for rest periods extends to piece-rate workers, obligating employers to

7    pay piece-rate workers hourly and separately apart from the piece for rest breaks under WAC

8    296-126-092 (4). In ruling, the *Demetrio* Court reasoned that "[s]ince the piece rate is earned

9    only while the employee is working (i.e., no pay accrues during rest breaks) the Workers' rest

10   breaks cannot reasonably be said to be 'on the employer's time' if paid by the piece. The only

11   way to give meaning to the phrase in this context is to require compensation separate from the

12   piece rate for rest breaks."

13   In this case Plaintiff alleged that the requirement to separately compensate employees for

14   rest break time applies equally to Class Members who work on a commission basis and who, like

15   piece-rate workers, are not paid for the time they do not work during Commission Pay periods.

16   Copley Decl. ¶ 8(B-C).

17   Plaintiff also alleged that Petco failed to provide Class Members with timely 30 minute

18   meal breaks. Under Washington law, "[e]mployees shall be allowed a meal period of at least

19   thirty minutes which commences no less than two hours nor more than five hours from the

20   beginning of the shift." WAC 296-126-092(1). Although Washington law provides for unpaid

21   meal periods, "[m]eal periods shall be on the employer's time when the employee is required by

22   the employer to remain on duty…" *Id.*; *Pellino v. Brink's, Inc.,* 164 Wash. App. 668, 688 (2011).

23   Once an employee makes a *prima facie* case by providing evidence that she did not receive a

24   timely meal break, the burden shifts to defendant to show that no violation occurred or that a

25   valid waiver exists. *Brady v. AutoZone Stores, Inc.,* 188 Wn.2d 576, 583-584 (2017). Plaintiff

26

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 11

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

alleged, based on Class Members' punch in/out data provided by Petco, that Class Members occasionally took untimely meal breaks, or no meal break.

Plaintiff alleged that Petco is liable for double damages under RCW 49.52.070 because Petco violated 49.52.050(2) by willfully withholding wages. The *Wingert* Court held that "an employer's nonpayment of wages is willful and made with intent 'when it is the result of knowing and intentional action and not the result of a bona fide dispute as to the obligation of payment.'" *Wingert*, 146 Wash. 2d at 849 (citing *Chelan County Sheriff's Ass'n v. Chelan County*, 109 Wash.2d 282, 300 (1987)). Plaintiff alleged that Petco's failure to pay for rest breaks was knowing and intentional at least since July 15, 2015, when the Washington Supreme Court explicitly held in *Demetrio v. Sakuma Bros. Farms Inc.* that held that payment schemes under which no pay accrues during rest breaks are illegal under WAC 296-126-092(4). Copley Decl. ¶ 10. Even prior to July 15, 2015, there was no bona fide dispute as to rest break pay because the "only reasonable interpretation" for the applicable regulation, WAC 296-131-020(2), "requires pay [for rest breaks] separate from the piece rate." *Demetrio*, 183 Wash. 2d at 656. Likewise, Washington law and pertinent decisions, including the *Pellino* decision requiring an employer to pay for missed meal breaks, clearly point to the requirement that *all* workers must be compensated for missed meal periods, and Petco's failure to do so was knowing and intentional.

### b. Petco's Defenses Presented Litigation Risk

Petco denied the allegations in the Complaint, and maintained that it could not be held liable for several the reasons discussed in detail below, including (1) that Petco could defeat class certification and (2) Petco could win on the merits either on summary judgment or at trial. Plaintiff disputes these contentions, but they do present litigation risk.

### (i) Class Certification Risk

Petco contended that Plaintiff's claims are not suitable for class certification because individual issues would predominate. Specifically, Petco argued that the differences in the hours

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

worked each day amongst the Class, and thus the number of rest breaks and meal breaks incurred by each Class Member, would raise individualized issues. Copley Decl. ¶ 11.

Petco maintained that individualized issues would predominate among Class Members' meal break claims in particular because Petco enforced a facially legal meal break policy that ensured Class Members took timely off-duty meal breaks. *Id*. As a result, Petco maintains that there would be no simple way to ascertain why a Class Member did not take a timely meal break. *Id.*

Plaintiff disagreed with Petco and believed that each of these claims would have been successfully tried on a classwide basis through testimony from Class Members and Petco managers, company documents including the punch-in/out logs, pay data, and Petco's uniform compensations policies. *Id*. Plaintiff also pointed to certified classes in other meal and rest break claims including *Hill v. Garda*, 198 Wn. App. 326, 340-341 (2017); *Pellino v. Brink's, Inc.*, 164 Wn. App. at 682-84; *Helde v. Knight Trans., Inc*., No. C12-0904RSL, 2014 WL 11958636 (W.D. Wash. Aug. 19, 2014); *Mendis v. Schneider Nat'l Carriers, Inc*., No. C15-0144-JCC, 2017 WL 497600 (W.D. Wash. Feb. 7, 2017).

However, Plaintiff also recognizes that such class certification is never guaranteed. There is a risk that the Court may have denied class certification or, if it initially certified the class, later decertified it if the trial procedures appeared to become unmanageable. Copley Decl. ¶ 11.

### (ii)    Risk of Losing on the Merits

Petco asserts several defenses on the merits of Plaintiff's rest break claims. First, Petco alleged that Class Members were hourly employees and any commission Class Members received was in addition to their hourly pay. *Id*. ¶ 12. Under this theory, Class Members would not be entitled to separate and hourly pay for rest breaks. Petco further argued that *Demetrio* is inapplicable because that case dealt with rest breaks for agricultural workers under WAC 296-126-092, while Plaintiff seeks unpaid rest breaks under WAC 296-131-020. *Id*. Although the Western District of Washington in *Helde v. Knight Transportation, Inc.*, No. C12-0904RSL,

---

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 13

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2016 WL 1687961, at *3 (W.D. Wash. Apr. 26, 2016) applied *Demetrio* to non-agricultural workers, Petco argued that this is not binding precedent: a federal court's construction of Washington law is only persuasive authority. *Id*. Lastly, Petco asserted that even if *Demetrio* applied to Class Members, damages would only accrue after that decision was issued on July 16, 2015 because up before that Washington law was unsettled. Copley Decl. ¶ 12. This argument, if accepted, would effectively reduce the maximum rest break claim by 25%. *Id*.

Petco asserted several defenses on the merits of Plaintiff's meal break claims as well. First, Petco asserted that it enforced a facially valid meal break policy, and that any missed meal breaks were a Class Member's personal choice, and not a result of Petco's failure to ensure a timely meal break. *Id*. Second, Petco asserted that it compensated Class Members for missed or late meal periods – which make up over 2/3 of the alleged meal break violations. *Id*.[3]

Petco asserted that because Plaintiff's remaining causes of action (for inaccurate wage statements, failure to pay wages, and failure to pay all wages due to them upon termination) are entirely derivative of the first two causes of action, the same defenses apply. *Id*.

### (iii)    Risk Presented by Defense to Double Damages

Petco argued that it cannot be held liable for double damages because double damages are not recoverable where there is a "bona fide dispute as to the obligation of payment." *Wingert*, 146 Wash. 2d at 848. Here, Petco disputed that (a) Class Members were piece-rate employees; (b) that there was any binding precedent applying *Demetrio* to non-agricultural workers; and (c) any liability exists prior to the date the *Demetrio* decision was issued. Copley Decl. ¶ 12. Likewise, Petco argued that there is a *bona fide* dispute as to Class Members' entitlement to missed meal break pay because it enforced a valid meal break policy, including paying Class Members for their missed or late meal breaks, and any untimely meal breaks were the result of a Class Members' personal choice. *Id*.

---

[3] The data produced by Petco indicated that there are 36,424 instances of an early, late or missed meal break. Defendant paid meal break violation pay for 24,390 of these breaks, meaning that 12,034 of the apparent meal break violations were unpaid.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 14

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

c.    **The Settlement Amount is Reasonable In View of the Litigation Risks Presented**

In determining whether a proposed class action settlement is fair, reasonable and adequate, a fundamental measure is comparing the settlement amount to the amount the plaintiff reasonably might have hoped to achieve at trial (assuming for a moment that there is no litigation risk). In this instance, Plaintiff carefully analyzed the payroll data produced by Petco and discerned:

- Plaintiff and Class Members worked an average 7 hours per day, 5 days per week, at an average hourly rate of $17.32 per hour (including commission pay);

- Plaintiff and Class Members were paid on a commission basis on 90,510 seven-hour days entitling them to hourly and separate pay for 181,020 ten-minute rest breaks, or 30,170 hours, at their average hourly rate. This resulted in classwide rest break single damages of approximately $522,544;

- On approximately 12,034 occasions Class Members were underpaid for short or untimely meal breaks, leading to classwide single meal break damages of approximately $104,214;

- If Petco's conduct is found to be willful, Plaintiff and the Class are entitled to double damages on the amounts stated above, or an additional approximate $626,758;

- Plaintiff and the Class are entitled to recover their reasonable attorneys' fees, which we estimate would total at least $300,000;

- Adding the numbers above, it is fair to estimate that the total classwide value of Plaintiff's claims, assuming total victory, would be in the range of $626,758 (for her core unpaid wage claims) and $1,553,516 (including double damages and attorneys' fees);

- At the low end of the range, the proposed settlement represents 56% of the Defendant's maximum exposure of $1,553,516 under Plaintiff's best-case-

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 15

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

scenario,[4] at the high end of the range, it represents 140% of Defendant's

maximum exposure of $626,758 on her unpaid wage claims only.

Copley Decl. ¶ 13.

In light of the very significant risks Plaintiff faced had she continued with the litigation, this settlement is adequate and unquestionably reasonable. *Id*. ¶ 16. It is well established that settlement offers that constitute only a fraction of the potential recovery do not preclude a court from finding that the settlement offer is fair. *See Hanlon*, 150 F.3d at 1027; *Officers for Justice*, 688 F.2d at 628. Accordingly, district courts have found that settlements for substantially less than the plaintiffs' claimed damages were fair and reasonable, especially when taking into account the uncertainties involved with litigation. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 30% of the damages estimated by the class expert); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding a recovery of 1/6, or 16.67%, of the potential recovery to be fair under the circumstances); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement amounting to 9% of estimated total damages).

Here, the average gross recovery per Class Member is approximately $960. Copley Decl. ¶ 14. Every Class Member will receive a *per capita* award of at least $200. Those Class Members with quantifiable rest break claims based on Commission Pay Periods – an estimated 563 Class Members – will receive an average *net* award of at least $828.[5] *Id*. These are substantial recoveries for class wage and hour claims, especially in light of the litigation risks, uncertainties, and delays of further litigation.

---

[4] $875,000 / $1,553,516

[5] The estimated Net Settlement Fund is at least $535,863. After deducting the $182,200 in per capita payments ($200 * 911 Class Members) the remainder will be paid pro rata to those 563 Class Members who worked at least one Commission Pay Period.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 16

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2

**2.    The Parties Sufficiently Investigated and Litigated this Matter to Allow Counsel and this Court to Conclude that the Settlement is Fair, Reasonable, and Adequate**

3
4
5
6
7
8
9
10
11

Class Counsel conducted an extensive investigation before filing the case. Once the case was filed the Parties engaged in an exchange of significant and substantive information relating to Class Members' claims as detailed above. Based upon the record that was developed through this investigation and discovery process, which included highly relevant class data from Petco such as compensation policies, clock-in and clock-out data, pay data job descriptions, and store locations Plaintiff's counsel were able to realistically estimate class damages and assess the risks of further litigation. Copley Decl. ¶ 6. It was only after the Parties thoroughly investigated and evaluated the strengths and weakness of the case, and attended a full-day mediation, that the settlement was completed. *Id.* ¶ 15.

12
13
14
15
16

This litigation, therefore, has reached the stage where the Parties have a clear view of the strengths and weaknesses of their cases sufficient to support the Settlement. *See Lewis v. Starbucks Corp.*, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008) ("approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases").

17
18

**3.    The Settlement Was the Product of Informed, Non-Collusive, and Arms-Length Negotiations Between Experienced Counsel Whom Jointly Support the Settlement**

19
20
21
22
23
24
25
26

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining as it was here. *See Hanlon,* 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *see also Hughes v. Microsoft Corp.,* No. C98-1646C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery"). As the United States Supreme Court has held, "[o]ne may take a settlement amount as good evidence of the maximum available if one can assume that

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 17

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining…" *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 852 (1999).

Here, the Settlement was a product of intensive, adversarial litigation between the Parties. It was reached after a full-day mediation session before an experienced and well-respected mediator. Notably, the Parties spent months prior to the mediation developing the factual record for this case, drafting detailed mediation briefs, and ensuring both sides were fully informed about the strengths and weaknesses of their respective positions. Copley Decl. ¶ 15. In addition, the Parties are represented by skilled and experienced counsel. Plaintiff's counsel have extensive background in complex litigation and experience litigating and settling similar wage and hour class actions. *Id.* ¶ 8(E). These factors support a finding that the settlement is fair, reasonable, and adequate.

### 4.    The Proposed Notice and Claims Process Are Reasonable

In order to protect the rights of absent class members, courts must provide the best notice practicable of a potential class action settlement. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974). The primary purpose of procedural due process is to provide affected parties with the right to be heard at a meaningful time and in a meaningful manner. It does not guarantee any particular procedure, but rather requires only notice reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

The proposed Class Notice (Exhibit A to the Settlement Agreement) informs the Settlement Class Members about the terms of the Settlement. It is in "plain English" and generally follows the form suggested by the Federal Judicial Center. The Notice informs Class Members of the date and location of the final approval hearing. The Notice further explains that if Class Members wish to object to the Settlement, they must notify the Settlement Administrator

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 18

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   in writing, and must notify the Court and counsel for the Parties in writing of their intention to

2   appear and object at the final approval hearing. The Notice informs Settlement Class Members of

3   their right to opt out of the Settlement and informs them of the process and the deadline for doing

4   so. And finally, the Notice informs the Class that the Court might choose to award some portion

5   of the Settlement Fund to Class Counsel as attorneys' fees, reimbursement of litigation expenses,

6   that the court might choose to award some portion of the Settlement Fund to the Class

7   Representative as a service award, and that some portion of each Class Member's net recovery

8   might be taxable in part. This is all important information and it is all transparently disclosed.

9   Accordingly, the Notice complies with the standards of fairness, completeness, and neutrality

10  required of a settlement notice disseminated under authority of the Court.

11          In addition, the procedures surrounding the dissemination of the Notice ensure it will go

12  out to Settlement Class Members in the manner best calculated to ensure that they are alerted to

13  the terms of the Settlement and provided with the opportunity to respond to it. Within seven (7)

14  days of preliminary approval, Petco will provide the Settlement Administrator with the names,

15  mailing addresses, phone numbers, and Social Security numbers for each Settlement Class

16  Member along with the number of each Settlement Class Member's Commission Pay periods as

17  shown in Petco's books and records. SA ¶ 3(B).

18          The Settlement Administrator will perform address updates and verifications prior to the

19  mailing of the Notice to the Settlement Class. *Id*. Within thirty (30) days of preliminary approval,

20  the Settlement Administrator will mail the court-approved Notice of Class Action Settlement via

21  First-Class U.S. Mail. SA ¶ 3(C). If a Notice is returned because of an incorrect address, the

22  Settlement Administrator will conduct a skip trace search for a more current address for the

23  Class Member and re-mail the Notice to the Settlement Class Member. *Id*.

24          Information regarding the proposed Settlement and relevant deadlines for opt outs,

25  objections, etc., will be posted on a website managed by the Settlement Administrator. Copley

26  Decl. ¶18. The Settlement Administrator will provide an email address and toll-free phone

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 19

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

number to answer Class Member questions and concerns. *Id.* And of course, Class Counsel will respond to any Class Member questions and concerns. *Id.*

Because the Settlement Class Members are Petco's current and former employees, notice in this matter is simpler than in other types of class actions. The proposed Notice plan, calling for First-Class mailed notice to all Settlement Class Members, meets constitutional standards and should be approved. *See, e.g.*, *Lewis*, 2008 WL 4196690, at *5 ("Notice by mail is sufficient to provide due process to known affected parties.").

### 5. The Notice Provides Appropriate Information Regarding Issues to Be Addressed at the Final Approval Hearing

The Notice informs the Class that the Court has not granted final approval of settlement and has reserved judgment on the question of final approval. Likewise, the Notice makes it clear that the Court has not yet decided whether (and how much) to award as attorneys' fees, litigation expense reimbursement, and as a class representative service award. If Class Members wish to state their support for or opposition to any of these potential awards, they are informed how and when they may be heard.

### C. The Court Should Schedule a Final Approval Hearing

Once a class action settlement is preliminarily approved, the Court may schedule a noticed final fairness hearing "at which arguments and evidence may be presented in support of and in opposition to the settlement." *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426 (E.D. Tex. 2002); *see* 4 William B. Rubenstein, Newberg on Class Actions § 13:42 (5th ed. 2014). Plaintiff requests that the hearing be scheduled to allow sufficient time for any Class Members to opt out or object to the Settlement, the payment of the settlement administrator, the motion for attorneys' fees and expenses, and the class representative service award.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 20

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

The accompanying [Proposed] Order requests the following timetable:

| | |
|---|---|
| Within 7 business days after the entry of Preliminary Approval Order | Deadline for Petco to provide Class Data List to the Settlement Administrator |
| 30 days after the entry of Preliminary Approval Order[6] | Deadline for Settlement Administrator to mail Notice |
| 45 days after the entry of Preliminary Approval Order | Class Counsel shall file Motion for Award of Attorneys' Fees, Litigation Expenses, and Class Representative Enhancement Award |
| 60 days after the entry of Preliminary Approval Order | Deadline to submit Requests for Exclusion and Objections to the Settlement |
| No later than seven business days before Hearing on Plaintiff's Motion for Final Approval of Settlement Agreement, Motion for Award of Attorneys' Fees, Litigation Expenses, and Class Representative Enhancement Award, and any objections thereto | Class Counsel shall file Motion for Final Approval of Settlement Agreement |
| At the Court's convenience, but no sooner than 100 days after the Preliminary Approval Order | Hearing to consider Plaintiff's Motion for Final Approval of Settlement Agreement, Motion for Award of Attorneys' Fees, Litigation Expenses, and Class Representative Enhancement Award, and any objections thereto |

## V.    CONCLUSION

For the foregoing reasons, the Court should (1) grant preliminary approval to the Settlement Agreement; (2) conditionally certify Plaintiff's proposed Settlement Class; (3) appoint Plaintiff and her counsel as Class Representatives and Class Counsel respectively; (4) approve and direct the mailing of the proposed Notice; and (5) schedule a hearing for final approval of the Settlement.

---

[6] This is the timeline set forth in SA ¶ 9. It differs slightly from the timeline set forth in SA, Ex. C ¶ 9 (providing that Class Notice be mailed 30 days after the Settlement Administrator receives the class list from Defendants).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (3:17-cv-05483-RBL) - 21

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 17th day of July, 2018.

*s/ Julian Hammond*
Julian Hammond #52096
HAMMOND LAW, P.C.
1829 Reisterstown Rd., Suite 410
Baltimore, MD  21208
Phone: (310) 601-6766
Fax:     (310) 295-2385
Email:  jhammond@hammondlawpc.com

*s/ T. David Copley*
*s/ Tana Lin*
T. David Copley #19379
Tana Lin #35271
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: dcopley@kellerrohrback.com
Email: tlin@kellerrohrback.com

*Attorneys for Plaintiff Deborah LePine*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 22

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2

## <u>CERTIFICATE OF SERVICE</u>

3

I certify that on July 17, 2018, I electronically filed the foregoing document with the
4
Clerk of the Court using the CM/ECF system, which will send notification to all counsel of
5
record.

6

Dated this July 17, 2018, at Seattle, Washington.

7
8

*s/Leslie Nims*
Leslie Nims, Legal Assistant

9

4821-5448-9195, v. 3

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 23

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384