Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

DEBORAH LEPINE, individually and on behalf of all others similarly situated,

                      Plaintiffs,

    v.

PETCO ANIMAL SUPPLIES STORES, INC., a Delaware Corporation,

                      Defendants.

No. 3:17-cv-05483-RBL

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The above-titled matter came before this Court upon Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Based upon the memoranda, exhibits, and all the files and proceedings herein, the Court finds as follows:

1.    The Court grants preliminary approval of the Settlement based upon the terms set forth in the Settlement Agreement filed herewith and attached hereto to **Exhibit 1**.

2.    The settlement terms set forth in the Settlement Agreement appear to be fair, adequate and reasonable to the Settlement Class, and the Court preliminarily approves the terms of the Settlement Agreement, including:

    a.    A Settlement Fund of $875,000;

    b.    Enhancement Award to the Named Plaintiff, which shall not exceed $7,500;

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

c.   Attorneys' fees to Settlement Class Counsel, which shall not exceed $291,637;

d.   Costs reimbursed to Settlement Class Counsel, which shall not exceed $15,000; and

e.   Settlement Administration Expenses, which shall not exceed $25,000.

3.   The Court grants the parties' request for certification of the following Rule 23 Settlement Class for the sole and limited purpose of implementing the terms of the Settlement Agreement, subject to this Court's final approval:

All current and former Petco employees employed as pet groomers and/or in similar capacities in Washington State between June 22, 2014 and May 1, 2018 (the "Settlement Class Period").

4.   The Court preliminarily appoints Plaintiff's Counsel, HammondLaw P.C., and Keller Rohrback L.L.P. as Settlement Class Counsel, and Plaintiff Deborah LePine as Settlement Class Representative.

5.   This Court approves, as to form and content, the Notice of Proposed Class Action Settlement ("Class Notice"), in substantially the form attached to the Settlement Agreement as Exhibit A. The Court approves the procedure for Settlement Class Members to opt out of, or object to, the Settlement as set forth in the Settlement Agreement and the Settlement Class Notice.

6.   The Court directs the mailing of the Settlement Class Notice by first class mail to the Settlement Class Members in accordance with the schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Notice, as set forth below, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7.   The Court confirms Simpluris, Inc. as the Settlement Claims Administrator.

8.   The Court adopts the following dates and deadlines:

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Within 7 business days of Preliminary Approval Order | Deadline for Defendant to provide Settlement Class Data/List to the Settlement Administrator |
| --- | --- |
| 30 calendar days after the Court enters the Preliminary Approval Order | Deadline for Settlement Administrator to mail Settlement Notice |
| 60 calendar days after the date the Court enters the Preliminary Approval Order | Deadline to submit Requests for Exclusion and Objections to the Settlement |

9.     Class Counsel shall file a memorandum of points and authorities in support of their motion for approval of attorneys' fees and litigation expenses no later than _____, 14 (14) calendar days before the end of the time within which Class Members may object to or opt out of the settlement.

10.     Settlement Class Counsel shall file a memorandum of points and authorities in support of the final approval of the Settlement Agreement no later than _____, seven (7) calendar days before the final settlement approval fairness hearing.

11.     A final settlement approval fairness hearing on the question of whether the proposed Settlement, attorneys' fees to Settlement Class Counsel, and the Settlement Class Representative's Enhancement Award should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class is scheduled in for_____ _____ at _____.

Dated: _____, 2018

_____
THE HONORABLE ROBERT B. LEIGHTON
UNITED STATES DISTRICT COURT JUDGE

4824-8543-9590, v. 2

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made by and between Plaintiff Deborah LePine and Defendant Petco Animal Supplies Stores, Inc.

## *DEFINITIONS USED IN SETTLEMENT AGREEMENT*

A.      "Action" means the lawsuit entitled *LePine v. Petco Animal Supplies Stores, Inc*., Case No. 3:17-cv-05483-JBL (W.D. Wash.).

B.      "Commission Pay Period" means a pay period in which a Settlement Class Member earned "Commission" (i.e., Petco earnings code 7C) pay during the Settlement Class Period, as determined by Petco's payroll records.

C.      "Court" means the United States District Court for the Western District of Washington.

D.      "Defendant" and "Petco" mean *Petco Animal Supplies Stores, Inc*., the Defendant in the Action.

E.      "Defendant's Counsel" means the law firm Littler Mendelson P.C.

F.      "Final Approval Date" means the date on which the Final Approval Order is entered in this matter.

G.      "Final Approval Hearing Date" means the date set by the Court for the hearing on final approval of the settlement embodied in this Settlement Agreement.

H.      "Final Approval Order" means the Court order granting final approval of the Settlement Agreement as proposed in **Exhibit B** hereto or such modified terms as may be agreed to by the Parties in order to obtain preliminary or final approval.

I.      "Final Judgment" means an order rendered by the Court that enters judgment disposing of all issues raised in this Action consistent with the Final Approval Order.

J.      "Named Plaintiff" or "Plaintiff" means Plaintiff Deborah LePine.

K.      "Net Settlement Class Fund" means the portion of the Settlement Amount to be distributed to Settlement Class Members after deducting the Court-approved amounts set forth below in ¶ 8.A-.8.C.

L.      "Participating Settlement Class Members" means any Settlement Class Member who is bound by the Final Judgment and receives a distribution as set forth in this Settlement Agreement. All Settlement Class Members are automatically deemed Participating Settlement Class Members unless the Settlement Class Member submits a timely request for exclusion as detailed in the Settlement Class Notice.

M.    "Preliminary Approval Date" means the date on which the Court enters its Preliminary Approval Order.

N.    "Preliminary Approval Order" means an order rendered by the Court preliminarily approving this Settlement Agreement as proposed in **Exhibit C** hereto or such modified terms as may be agreed to by the Parties in order to obtain preliminary approval.

O.    "Released Claims" means those claims included in the release of claims set forth in ¶ 2 of this Settlement Agreement.

P.    "Released Parties" means Petco, its affiliates, and their respective officers, directors, employees, agents, and attorneys.

Q.    "Settlement Administrator" means Simpluris or any other settlement administrator mutually agreed upon by the Parties.

R.    "Settlement Amount" means $875,000.00. The Settlement Amount is not subject to change depending on the number of Settlement Class Members who choose to exclude themselves or are found not to qualify for Individual Settlement Allocations.

S.    "Settlement Class" and "Settlement Class Member" means all current and former Petco employees employed as pet groomers and/or in similar capacities in Washington State during the Settlement Class Period.

T.    "Settlement Class Counsel" means the law firms HammondLaw, P.C. and Keller Rohrback L.L.P.

U.    "Settlement Class Data" means the information that Defendant shall provide to the Settlement Administrator as specified below in ¶ 3(b).

V.    "Settlement Class Notice" means the document, substantially in the form attached to this Settlement Agreement as **Exhibit A**, that will be sent to Settlement Class Members following preliminary approval of the Settlement Agreement. The Settlement Class Notice shall be personalized for each Settlement Class Member with the number of Commission Pay Periods attributed to that Settlement Class Member.

W.    "Settlement Class Period" means the period of time from June 22, 2014 through May 1, 2018.

X.    "Settlement Class Representative Award" means the proposed payment specified below in ¶ 8(b).

Y.    "Settlement Effective Date" means the date by which the Settlement Agreement is finally approved as provided in Paragraph 3 below and the Court's Final Judgment becomes final. For purposes of this subparagraph, the Court's Final Judgment "becomes final" upon the later of (i) the expiration of the time for filing an appeal from the Final Judgment (whether or not any objections to the Settlement Agreement are timely filed or otherwise permitted to be filed by

the Court), or (ii) if an appeal is timely filed, the date of final affirmance of the Final Judgment and exhaustion/expiration of all other means of appellate review.

*TERMS OF SETTLEMENT AGREEMENT*

1.  <u>Non-Admission of Liability</u>.  The Parties enter into this Settlement Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation.  In entering into this Settlement Agreement, Defendant does not admit, and specifically denies, that it has: violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; or engaged in any other unlawful conduct with respect to its employees or any other person or entity. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendant of any such violation(s) or failure(s) to comply with any applicable law.

2.  <u>Consideration and Release of Claims</u>.  In consideration for Defendant's payment of the Settlement Amount as set forth in this Settlement Agreement, upon the Settlement Effective Date the Named Plaintiff and all Participating Settlement Class Members, shall fully, finally, and forever release, settle, compromise, relinquish and discharge any and all of the Released Parties for any acts that are either alleged in the Action or could have been alleged in the Action based on the facts set forth in the Action, including, without limitation, any claims for compensatory or exemplary damages, owed wages or reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, equitable relief (including injunctive or declaratory relief), charge backs, or liquidated damages during the Settlement Class Period.

3.  <u>Court Approval Required</u>.  This Settlement Agreement is contingent on approval by the Court. The Parties shall jointly recommend to the Court that it approve the terms of this Settlement Agreement. The Parties shall undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement, and any other steps or efforts which may become necessary by order of the Court (unless such order modifies the terms of this Settlement Agreement) or otherwise, to carry out this Settlement Agreement, including the following:

    A.  *Preliminary Approval.* Plaintiff shall file a motion for preliminary approval seeking the relief presented in Exhibit C hereto. Petco will not oppose the motion.

    B.  *Settlement Class Data.* Within seven (7) business days of the Preliminary Approval Order, Petco shall provide the Settlement Administrator with data in a format acceptable to the Settlement Administrator, which shall include each putative Settlement Class Member's name, last known addresses, social security number, telephone number(s) (if available), and shall identify each Commission Pay Period in which a Settlement Class Member was paid "Commission" pay during the Settlement Class Period. The Settlement Administrator shall update Settlement Class Data addresses using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator,

and, to the extent this process yields an updated address, that updated address shall replace the last known address and be treated as the new last known address for purposes of this Settlement Agreement and for any subsequent mailings required to effectuate the terms of this Settlement Agreement.

C. *Settlement Class Notice*. Within thirty (30) days of entry of the Preliminary Approval Order, the Settlement Administrator shall send the Settlement Class Notice to each putative Settlement Class Member and provide such other forms of notice specified in the Preliminary Approval Order. The Settlement Administrator shall conduct a standard skip trace to locate missing Settlement Class Members and promptly re-mail the Settlement Class Notice to the correct or updated address. The Settlement Administrator will keep Settlement Class Counsel informed of any problems that arise in providing the Settlement Class Notice and/or locating missing Settlement Class Members.

D. *CAFA Notice*. Defendant shall comply with the Class Action Fairness Act of 2005 ("CAFA") and its notice requirements by providing appropriate federal and state officials with information about the Settlement Agreement.

E. *Settlement Class Members' Right to Exclude Themselves from the Settlement Class or Object to the Settlement*. As described in the Settlement Class Notice, Settlement Class Members may exclude themselves from the Settlement Class or object to the Settlement Agreement, by submitting their written request for exclusion (opt out) or objection no later than sixty (60) days after the date the Court enters the Preliminary Approval Order.

F. *Final Approval.* On the date established in the Preliminary Approval Order, Settlement Class Counsel shall file a motion for final approval of the Settlement Agreement, an order awarding a Settlement Class Representative Award to Plaintiff, and an order awarding fees and costs to Settlement Class Counsel. Petco shall not oppose these motions, *provided that* Plaintiff seeks no more than $25,000 as payment to the Settlement Administrator; no more than $7,500 as a Settlement Class Representative Award to Plaintiff; and no more than $306,637 as payment to Settlement Class Counsel for attorneys' fees and costs (i.e., no more than $291,637 for attorneys' fees, and no more than $15,000 for costs).

4. <u>Non-Approval as Basis for Termination of Settlement Agreement</u>.  Failure of the Court to grant preliminary or final approval of the Settlement Agreement (after reasonable opportunity for the Parties to cure such problems as may initially prevent the Court from granting such approval) will be grounds for the Parties to terminate this Settlement Agreement. In the event that this Settlement Agreement is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court or any other court with jurisdiction over the Action, the Settlement Agreement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, any further proceedings in this Action. The Court's determination regarding whether and in what amounts to award attorneys' fees and costs to Settlement Class Counsel, and a Settlement Class Representative Award to Plaintiff, shall not be grounds

for terminating the Settlement Agreement or otherwise affect the enforceability of the Settlement Agreement.

5.   <u>Mutual Full Cooperation</u>.  The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties further agree to cooperate fully and use their best efforts to obtain the Court's preliminary and final approval of this Settlement Agreement and all the terms herein.

6.   <u>Confidentiality</u>.  Plaintiff and Settlement Class Counsel agree to maintain strict confidentiality of this Settlement Agreement pending the filing of Plaintiff's motion for preliminary approval of the Settlement Agreement.

7.   <u>Settlement Class Size</u>.  This Settlement Agreement is based on the understanding that there are 911 Settlement Class Members. In the event that the settlement class size increases by more than ten percent (10%) (*i.e.*, by more than 91 Settlement Class Members) then the Settlement Amount shall be adjusted upwards, *pro rata*, for each additional Settlement Class Member by the same number of percentage points above 10% by which the number of Settlement Class Members exceeds 10% (e.g., if the actual number of Settlement Class Members is 12% (109) more than 911, for a total of 1,020, then the Settlement Amount of $875,000 shall increase by 2% ($17,500), for a total of $892,500).

8.   <u>Settlement Payments</u>.  Within seven (7) business days after the Settlement Effective Date, Defendant shall deposit the Settlement Amount into a Qualified Settlement Fund established by the Settlement Administrator. The Settlement Administrator shall distribute these funds only as directed by Settlement Class Counsel and as allowed under the Court's Final Approval Order and Final Judgment. No part of the Settlement Amount shall revert to Petco except as provided in ¶ 4 herein. Subject to Court approval, the Settlement Amount shall be allocated as follows:

A.   *Attorney's Fees and Litigation Costs*. The Settlement Administrator shall distribute to Settlement Class Counsel, within thirty (30) days after the Settlement Effective Date, the amount awarded by the Court as compensation for attorneys' fees and costs in accordance with the Court's Final Approval Order and Final Judgment.

B.   *Settlement Class Representative Award*. The Settlement Administrator shall distribute to Plaintiff, within thirty (30) days after the Settlement Effective Date, the amount awarded by the Court to Plaintiff as a Settlement Class Representative Award.

C.   *Settlement Administration Expenses*. At the direction of Settlement Class Counsel, the Settlement Administrator shall distribute to itself, within thirty (30) days after the Settlement Effective Date, the amount approved by the Court as the reasonable expenses of settlement administration, not to exceed $25,000.

D.   *Distribution of Net Settlement Class Fund as Individual Allocations*. The Net Settlement Class Fund is the Settlement Amount less the amount of attorneys' fees and costs, Settlement Class Representative Award, and Settlement Administrator expenses (i.e., 8.A-8.C above) actually awarded by the Court. The Settlement Administrator shall distribute, within thirty (30) days after the Settlement Effective Date, the Net Settlement Class Fund to Participating Settlement Class Members based on the following formula ("Individual Settlement Allocations"): *First*, each Participating Settlement Class Member shall receive a *per capita* payment of $200; *Second*, the remaining balance of the Net Settlement Fund shall be paid to Participating Settlement Class Members *pro rata* based on the number of Commission Pay Periods attributed to a given Settlement Class Member (including any adjustments to the number of Commission Pay Periods attributed to an individual Settlement Class Member as provided herein) compared to the total combined number of Settlement Class Members' Commission Pay Periods (as that total may be adjusted as provided herein). Under this formula, if there are 911 Participating Settlement Class Members, each Settlement Class Member will receive $200 from the Net Settlement Class Fund, and Participating  Settlement Class Members who worked Commission Pay Periods will receive an additional amount from the Net Settlement Class Fund based on their *pro rata* share of all Participating Settlement Class Members' Commission Pay Periods.

E.   *Tax Treatment*. For tax and withholding purposes, Individual Settlement Allocations shall be treated as follows: 1/2 (50%) of each Individual Settlement Allocation distributed to a Participating Settlement Class Member shall be deemed to be wages and the Settlement Administrator shall issue appropriate IRS Forms W2; and 1/2 (50%) of each Individual Settlement Allocation distributed to a Participating Settlement Class Member shall be deemed to be non-wage payments in lieu of interest and penalties/exemplary damages and the Settlement Administrator shall issue appropriate IRS Forms 1099. Petco shall be responsible for paying any matching withholding or other amounts required to be paid by the employer of Plaintiff and the members of the Settlement Class.

F.   *Unclaimed Individual Allocations*. Participating Settlement Class Members shall have ninety (90) days after the date the Individual Settlement Allocation checks are mailed by the Settlement Administrator to cash their Individual Settlement Allocation checks (the "Settlement Check Cashing Deadline"). Any Individual Settlement Allocation check that is not cashed by the Settlement Check Cashing Deadline shall become void and subject to a stop payment order. Within sixty (60) after the Settlement Check Cashing Deadline, the Settlement Administrator shall tender the total combined amount of all uncashed Individual Settlement Allocation checks to the Washington State Department of Revenue Unclaimed Property Fund to be held for the benefit of individual Settlement Class Members.

9.   <u>Estimated Settlement Timetable</u>. This Settlement Agreement includes numerous deadlines and milestones, which are summarized here. These deadlines and milestones are not material terms of the Settlement Agreement and may be changed by Court order

or agreement of the Parties (with Court permission as appropriate). The Parties shall cooperate in order to complete all settlement procedures expeditiously.

| | |
|---|---|
| Settlement Class Counsel files motion for preliminary approval and class notice plan | On or before July 17, 2018 |
| Defendant deposits Settlement Amount into Qualified Settlement Fund established by the Settlement Administrator and provides the Settlement Administrator with Settlement Class Data | Within 7 business days after Settlement Effective Date |
| Settlement Administrator Mails Settlement Class Notice | Within 30 days after entry of Preliminary Approval Order |
| Deadline for Settlement Class Members to file written request for exclusion from Settlement Class, or written objection to Settlement Agreement | No later than 60 days after entry of Preliminary Approval Order (or next business day if deadline falls on a weekend or federal holiday) |
| Settlement Class Counsel file motions for final approval of Settlement Agreement, award of attorneys' fees and costs, award of Settlement Class Representative Award, and award of Settlement Administrator expenses | 100 days after the entry of the Preliminary Approval Order (or next business day if deadline falls on a weekend or federal holiday) |
| Settlement Administrator distributes to Settlement Class Counsel any attorneys' fees and costs awarded by the Court; Settlement Administrator distributes Individual Settlement Allocations to Settlement Class Members (with appropriate tax forms); Settlement Administrator distributes Settlement Class Representative Award to Named Plaintiff; Settlement Administrator distributes Settlement Administrator expense award to itself as directed by Settlement Class Counsel | Within 30 days of the Settlement Effective Date |
| Settlement Administrator tenders amount of uncashed Individual Settlement Allocation checks to Washington State Department of Revenue Unclaimed Property Fund | Within 150 days of Settlement Effective Date |

DocuSign Envelope ID: BFF6AD4F-BAFB-40E9-BCD0-650371685A41

10.     <u>Captions and Interpretations</u>.  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties facilitated by an experienced employment law mediator and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Settlement Agreement.

11.     <u>Entire Agreement</u>.  This Agreement constitutes the entire and integrated agreement between the Parties with respect to the settlement of the Action, and all other prior and contemporaneous agreements, representations, warranties, or understandings of the parties are superseded and merged into this Settlement Agreement.

12.     <u>Execution in Counterparts</u>.  This Settlement Agreement may be signed in one or more counterparts, including by copies transmitted via facsimile or electronic delivery. Upon a Party's execution of a counterpart, that counterpart shall be deemed an original, and all signed counterparts shall together constitute one Settlement Agreement. A facsimile signature shall have the same force and effect as the original signature, if and only if it is transmitted from counsel for one party to the other. Such transmissions shall be interpreted as verification by the transmitting counsel that the signature is genuine and that the party signing has authorized and reviewed the agreement. All executed copies of this Settlement Agreement and copies thereof shall have the same force and effect and shall be as legally binding and enforceable as the original.

13.     <u>Dispute Resolution</u>.  In the event of a dispute between the Parties concerning the documentation, execution, implementation, interpretation or administration of this Settlement Agreement, the Parties agree that such a dispute shall be submitted for arbitration to Clifford Freed whose decision shall be final, binding and not subject to further review or appeal of any kind.  The Parties shall equally share the costs of any such arbitration proceeding. The Parties shall bear their own attorneys' fees and costs incurred in such an arbitration proceeding.

IT IS SO AGREED:


Dated:   6/27/2018                         By:   *Deborah Needham-LePine*
                                                   _____
                                                   Deborah LePine, Plaintiff

Petco Animal Supplies Stores, Inc.

Dated: 7/2/18

By: _____
Its authorized agent, Defendant

HAMMONDLAW, P.C.

Dated: 07/06/2018

By: _____
Julian Hammond
Attorney for Plaintiffs

LITTLER MENDELSON, P.C.

Dated: 7/6/2018

By: _____
Douglas Smith
Attorney for Defendant

Settlement Agreement                                    Page 9 of 10

**EXHIBIT A**

<u>United States District Court for the Western District of Washington</u>

# If you worked for Petco as a pet groomer in Washington State at any time between June 22, 2014 and May 1, 2018, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement of $875,000 has been proposed to pay certain Petco employees in Washington State, and to cover certain fees and expenses.

- The settlement resolves a lawsuit over whether Petco underpaid employees for rest breaks and/or meal breaks; it avoids costs and risks to you from continuing the lawsuit; pays money to past and present employees; and releases Petco from liability.

- Court-appointed lawyers for Petco employees will ask the Court for up to $306,000 as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on how much money could have been won if the employees won at trial; if the employees lost at trial, they would receive nothing.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **Do Nothing** | If you do nothing, you will receive a settlement check and release all claims. |
| **Exclude Yourself** | If you exclude yourself from the settlement, you will not receive a settlement check. You will not release any claims. You will retain the right to bring a separate lawsuit against Petco at your own risk and at your own expense. |
| **Object** | Write to the Court about why you don't like the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...................................................................**3**
1.   Why did I get this notice package? .............................................3
2.   What is this lawsuit about? .......................................................3
3.   Why is this a settlement class action? ........................................3
4.   Why is there a settlement? .......................................................3

**WHO IS IN THE SETTLEMENT** ..........................................................**4**
5.   How do I know if I am part of the settlement? ...........................4
6.   Are there exceptions to being included? ....................................4
7.   I'm still not sure if I am included. ..............................................4

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ..................................**4**
8.   What does the settlement provide? ...........................................4
9.   How much will my payment be? ...............................................4

**HOW YOU GET A PAYMENT** .............................................................**5**
10.  How can I get a payment? ......................................................5
11.  When would I get my payment? ...............................................5
12.  What am I giving up to get a payment or stay in the Settlement
     Class? ..................................................................................5

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................**5**
13.  How do I get out of the settlement? .........................................5
14.  If I don't exclude myself, can I sue Petco for the same thing later? ......6
15.  If I exclude myself, can I get money from this settlement? ................6

**THE LAWYERS REPRESENTING YOU** ..................................................**6**
16.  Do I have a lawyer in this case? ..............................................6
17.  How will the lawyers be paid? .................................................6

**OBJECTING TO THE SETTLEMENT** ....................................................**7**
18.  How do I tell the Court that I don't like the settlement? .................7
19.  What's the difference between objecting and excluding? .................7

**THE COURT'S FAIRNESS HEARING** ...................................................**7**
20.  When and where will the Court decide whether to approve the
     settlement? ...........................................................................7
21.  Do I have to come to the hearing? ...........................................8
22.  May I speak at the hearing? ....................................................8

**IF YOU DO NOTHING** ....................................................................**8**
23.  What happens if I do nothing at all? .........................................8

**GETTING MORE INFORMATION** .......................................................**8**
24.  Are there more details about the settlement? .............................8
25.  How do I get more information? ...............................................8

# BASIC INFORMATION

## 1.   Why did I get this notice package?

According to Petco's records, you might be eligible for payment under the proposed settlement.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections and appeals are resolved, an administrator appointed by the Court will make payments to eligible settlement class members that the settlement allows. You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Western District of Washington, and the case is known as *LePine v. Petco Animal Supplies Stores, Inc.*, Case No. 17-cv-05483-RBL. The people who sued are called Plaintiffs, and the company they sued, Petco Animal Supplies Stores, Inc. ("Petco"), is called the Defendant.

## 2.   What is this lawsuit about?

The lawsuit claims that Petco underpaid Washington employees who performed pet grooming services during the time period June 22, 2014 to May 1, 2018 (the "Class Period"). Specifically, the lawsuit claims that Washington pet groomers should have been paid separately and apart for statutory rest periods, but they were not. The lawsuit also claims that Petco failed to provide those same employees with timely 30-minute meal breaks. Plaintiff sought recovery of unpaid wages, double damages, interest, and attorneys' fees and costs. Petco vigorously denies all the claims and contentions made in the lawsuit and maintains it has fully complied with the law.

## 3.   Why is this a settlement class action?

In a settlement class action, one or more people called Settlement Class Representatives (in this case Deborah LePine), sue on behalf of people who have similar claims and then agree to a proposed settlement for such people ("Settlement Class Members"). One court decides whether to approve the settlement for all Settlement Class Members (except for those who exclude themselves from the Settlement Class). U.S. District Judge Ronald B. Leighton is in charge of this settlement class action.

## 4.   Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant. The Plaintiff thinks she could have won if she went to trial. The Defendant thinks Plaintiff would not have won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the

cost of a trial, and the people affected will get compensation. The Settlement Class Representative and the attorneys think the settlement is best for all Settlement Class Members.

# WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Settlement Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

Judge Leighton decided that everyone who fits this description is a Settlement Class Member: *All individuals employed as pet groomers in the State of Washington by Petco from June 22, 2014 through May 1, 2018.*

| 6. | Are there exceptions to being included? |
|---|---|

No. If you fit the description above, you are a Settlement Class Member.

| 7. | I'm still not sure if I am included. |
|---|---|

Petco employment and payroll records identify all Settlement Class Members. If you are unsure of your status, contact Settlement Class Counsel listed below in section 16 below.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

| 8. | What does the settlement provide? |
|---|---|

Petco has agreed to pay a total of $875,000. This amount will be used to pay for the cost of the Settlement Class notice and administration in an amount determined by the Court but not to exceed $25,000, attorneys' fees and expenses in an amount determined by the Court but not to exceed $306,637, and a Settlement Class Representative service award in an amount to be determined by the Court but not to exceed $7,500. After the payment of these amounts, the net settlement fund will be divided among Settlement Class Members who choose to participate in the case. Settlement Class Members who exclude themselves from participating in the case (*see* section 13 below), will not receive any proceeds from the settlement.

| 9. | How much will my payment be? |
|---|---|

Every Settlement Class Member will automatically receive a minimum $200 settlement payment. In addition, if you received Commission Pay during a specified time period covered by the settlement, you are entitled to an additional payment calculated by dividing the total number of pay periods during which you were paid Commission Pay by the total number of pay periods during which the entire Settlement Class received Commission Pay.

The resulting fraction or percentage is your pro-rata share of the remainder of the Net Settlement Class Fund. Petco's business records show that you received Commission Pay during XXX pay periods, meaning that you are entitled to $200 + $XXXX for a total payment of $XXXX. The entire net settlement fund will be distributed as described above.

# HOW YOU GET A PAYMENT

## 10. How can I get a settlement payment?

To qualify for a settlement payment, Petco's records must show that you were employed as a pet groomer in the State of Washington between June 22, 2014 and May 1, 2018.

You do not need to file a claim. The settlement administrator will mail a check to your last known address shown in Petco's records.

## 11. When would I get my settlement payment?

The Court will hold a hearing on Month 00, 0000, to decide whether to approve the settlement. If Judge Leighton approves the settlement, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

## 12. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Petco about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Petco, at your own risk and expense, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

## 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *LePine v. Petco Animal Supplies Stores, Inc.*, Case No. 17-cv-05483-RBL. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **Month 00, 0000** to:

XYZ Exclusions
P.O. Box 0000
City, ST 00000-0000

QUESTIONS?  CALL 1-800-000-0000 TOLL FREE, OR VISIT XYZSETTLEMENT.COM

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Petco in the future.

### 14.   If I don't exclude myself, can I sue Petco for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Petco for the claims that this settlement resolves. If you have a pending lawsuit speak to your lawyer in that case immediately. You may have to exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **Month 00, 0000**.

### 15.   If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Petco.

## THE LAWYERS REPRESENTING YOU

### 16.   Do I have a lawyer in this case?

The Court appointed HammondLaw, P.C. and Keller Rohrback L.L.P. to represent you and other Settlement Class Members. These lawyers are called Settlement Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. You can contact Settlement Class Counsel at:

> **HAMMONDLAW, P.C.**
> Julian Hammond, Esq.
> 1829 Reisterstown Rd., Suite 410
> Baltimore, MD 21208 (310) 601-6766
> jhammond@hammondlawpc.com

> **KELLER ROHRBACK, LLP.**
> T. David Copley, Esq.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101 (206) 623-1900
> dcopley@kellerrohrback.com

### 17.   How will the lawyers be paid?

Settlement Class Counsel will ask the Court to approve payment of up to $306,637 to them for attorneys' fees and expenses and payment of $7,500 to Deborah LePine for her services as Settlement Class Representative. The fees would pay Settlement Class Counsel for investigating

the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| 18.   How do I tell the Court that I don't like the settlement? |
| --- |

If you're a Settlement Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *LePine v. Petco Animal Supplies Stores, Inc.*, Case No. 17-cv-05483-RBL. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the Court <u>and</u> the settlement administrator postmarked no later than **Month 00, 0000**:

| COURT | SETTLEMENT ADMINISTRATOR |
| --- | --- |
| Clerk of the Court<br>U.S. District Court Western District of Washington<br>100 Court Street<br>City, ST 00000-0000 | INSERT |

| 19.   What's the difference between objecting and excluding? |
| --- |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| 20.   When and where will the Court decide whether to approve the settlement? |
| --- |

The Court will hold a Fairness Hearing at 9:00 AM on Tuesday, Month 00, 0000, at the United States District Court for the Western District of Washington, 100 Court Street, City, State, in Courtroom One. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Leighton will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Settlement Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

QUESTIONS?  CALL 1-800-000-0000 TOLL FREE, OR VISIT XYZSETTLEMENT.COM

## 21.   Do I have to come to the hearing?

No. Settlement Class Counsel will answer any questions Judge Leighton may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 22.   May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *LePine v. Petco Animal Supplies Stores, Inc.*, Case No. 17-cv-05483-RBL." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **Month 00, 0000,** and be sent to the Clerk of the Court and the settlement administrator at the addresses listed above in section 18. You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

## 23.   What happens if I do nothing at all?

If you do nothing, you will receive money from the settlement. A check will be mailed to you.

# GETTING MORE INFORMATION

## 24.   Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by contacting HAMMONDLAW, P.C. or KELLER ROHRBACK, LLP. at the address and number listed above in Section 16, or by visiting www.XYZsettlement.com.

## 25.   How do I get more information?

You can call 1-800-000-0000 toll free; write to XYZ Settlement, P.O. Box 0000, City ST 00000-0000; or visit the website at www.XYZsettlement.com, where you will find answers to common questions about the settlement.

4810-4297-6358, v. 2

**EXHIBIT B**

HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

**DEBORAH LEPINE**, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

**PETCO ANIMAL SUPPLIES STORES, INC.,** a Delaware Corporation,

Defendant.

Case No. 3:17-cv-05483-RBL

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION FOR FINAL APPROVAL
CASE NO. 3:17-cv-05483-RBL

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: 310-601-6766

The Court, having read and considered all of the papers of the Parties and their counsel, including Plaintiff's Motion for Final Approval and supporting pleadings filed on XXXX, 2018 and Plaintiff's Motion for Approval of Settlement Class Counsel's Fees and Costs, and Enhancement Award for Settlement Class Representative, and supporting pleadings filed on XXX, 2018; and having granted preliminary approval on XXX, 2018 ("Preliminary Approval Order"); and having previously directed that notice be given to all Settlement Class Members of preliminary approval of the Settlement Agreement and the final approval hearing, and the right to be excluded from or object to the settlement, and having received no objections or opposition to the settlement; and good cause appearing, pursuant to Rule 23(e)(1)(A) of the Federal Rules of Civil Procedure ("FRCP"),

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.     Terms used in this Order, other than those defined in this Order, have the meaning assigned to them in the Settlement Agreement and the Notice sent to Settlement Class Members.

2.     The Court hereby makes final the conditional settlement class certification contained in the Preliminary Approval Order, and thus makes final for purposes of the Settlement Agreement the certification, pursuant to FRCP 23(g)(1)(A), of a settlement class whose members consist of:

> All current and former Petco employees employed as pet groomers and/or in similar capacities in Washington State between June 22, 2014 and May 31, 2018 (the "Settlement Class Period").

3.     The Court hereby finds that the Settlement Class Notice, as mailed to all Settlement Class Members, as previously ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement, the manner in which Settlement Class Members could object to the settlement, and the manner in which Settlement Class Members could opt out

[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION FOR FINAL APPROVAL
CASE NO. 3:17-cv-05483-RBL

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: 310-601-6766

of the Settlement Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Settlement Class Members; and complied fully with FRCP 23(e)(1)(B), due process, and all other applicable laws.  The court further finds that a full and fair opportunity has been afforded to Settlement Class Members to participate in the proceedings convened to determine whether the proposed Settlement Agreement should be given final approval.  The Court has also finds that Defendant has given all of the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715.  Accordingly, the Court hereby determines that all Participating Settlement Class Members are bound by this final Order and shall be deemed to have released any claims described in Paragraph 2 of the Settlement Agreement (the "Released Claims").

4.      The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class, Plaintiff and Defendant, and is the product of good faith, arm's-length negotiations between the Parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law.  Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP 23(e)(1), and specifically:

a.      Approves the Settlement Amount of $875,000 as specified in and subject to the terms of the Settlement Agreement;

b.      Approves the distribution of the Net Settlement Class Fund to Participating Settlement Class Members in the manner specified in and subject to the terms of the Settlement Agreement;

c.      Approves the application for Settlement Class Representative Award of $7,500 to Plaintiff LePine, to be paid from the Settlement Amount, subject to the terms of the Settlement Agreement;

[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION FOR FINAL APPROVAL
CASE NO. 3:17-cv-05483-RBL

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: 310-601-6766

   d.  Approves Settlement Class Counsel's requested fees award of $291,637 which is thirty-three percent (33%) of and to be paid from the Settlement Amount subject to the terms of the Settlement Agreement;

   e.  Approves Settlement Class Counsel's request for reimbursement of litigation expenses of $15,000 to be paid from the Settlement Amount, subject to the terms of the Settlement Agreement;

   f.  Approves payment to Simpluris, Inc., the Settlement Administrator, of Settlement Administration Costs as incurred, in the amount of costs and fees actually incurred and documented to the Parties' satisfaction, not to exceed $25,000 to be paid from the Settlement Amount, subject to the terms of the Settlement Agreement; and

   g.  Approves and orders that in all other particulars the Settlement Agreement be carried out by the Parties and the Settlement Administrator subject to the terms thereof.

  5.  The Court orders that, following the Settlement Effective Date as defined in the Settlement Agreement, the Parties and the Settlement Administrator shall carry out the following implementation schedule for further actions and proceedings:

| Within 7 business days of Settlement Effective Date | Deadline for Defendant to deposit the Settlement Amount into a Qualified Settlement Fund established by the Settlement Administrator |
|---|---|
| 30 calendar days after Settlement Effective Date | Deadline for Settlement Administrator to pay<br> 1) Attorneys' fees and costs to Settlement Class Counsel;<br> 2) Settlement Class Representative Award as specified above to the Plaintiff;<br> 3) Settlement Administration costs as specified above to Simpluris, Inc.; and<br> 4) Individual Settlement Allocations to all Participating Settlement Class Members |

[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION FOR FINAL APPROVAL
CASE NO. 3:17-cv-05483-RBL

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: 310-601-6766

| 90 days after checks are mailed | Deadline for Settlement Class Members to cash settlement checks; uncashed check funds shall be transmitted by the Settlement Administrator to the Washington State Department of Revenue Unclaimed Property Fund |
|---|---|

6.     This action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out.

7.     Upon the Settlement Effective Date, Plaintiff and all Participating Settlement Class Members shall be deemed to have, and by operation of this Order as the Court's Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all of the Released Claims.

8.     Upon the Settlement Effective Date, Plaintiff and all Participating Settlement Class Members shall be and hereby are enjoined from filing, initiating or continuing to prosecute any actions, claims, complaints, or proceedings in court, arbitration, with the Washington State Department of Labor & Industries, or with any other agency or entity, with respect to the Released Claims, and they will not and cannot participate in any actions, lawsuits, proceedings, complaints or charges brought individually, by the Washington State Department of Labor & Industries, or by any other agency, persons or entity in any court, arbitration or before any administrative body with respect to the Released Claims, nor will they contest or interfere with efforts by Defendant or by any other released parties to oppose any attempt to bring such Released Claims against any of them.

[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION FOR FINAL APPROVAL
CASE NO. 3:17-cv-05483-RBL

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: 310-601-6766

Presented by:

_____/s/_____

Dated this XX day of XXXX.


IT IS SO ORDERED, ADJUDGED AND DECREED.



DATED:_____                    _____
                                               HON. RONALD B. LEIGHTON
                                               UNITED STATES DISTRICT JUDGE

**EXHIBIT C**

HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| **DEBORAH LEPINE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**PETCO ANIMAL SUPPLIES STORES, INC.,** a Delaware Corporation,<br><br>Defendant. | Case No. 3:17-cv-05483-RBL<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION  FOR PRELIMINARY APPROVAL
CASE NO. 3:17-cv-05483-RBL

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208; Tel: 310-601-6766

The above-titled matter came before this Court upon Plaintiff's Motion for Preliminary Approval of Class Action Settlement.  Based upon the memoranda, exhibits, and all the files and proceedings herein, the Court finds as follows:

1.     The Court grants preliminary approval of the Settlement based upon the terms set forth in the Joint Stipulation of Class Action Settlement ("Settlement Agreement") filed herewith and attached hereto to **Exhibit 1**.

2.     The settlement terms set forth in the Settlement Agreement appear to be fair, adequate and reasonable to the Settlement Class, and the Court preliminarily approves the terms of the Settlement Agreement, including:

    a.     A Settlement Fund of $875,000;

    b.     Enhancement Award to the Named Plaintiff of $7,500;

    c.     The sum of $291,637 as attorneys' fees to Settlement Class Counsel, representing 33% of the Maximum Settlement Amount;

    d.     The sum of costs awarded to Settlement Class Counsel, which shall not exceed $15,000; and

    e.     The Settlement Administration Expenses, not to exceed $25,000.

3.     The Court grants the parties' request for certification of the following Rule 23 Settlement Class for the sole and limited purpose of implementing the terms of the Settlement Agreement, subject to this Court's final approval:

    All current and former Petco employees employed as pet groomers and/or in similar capacities in Washington State between June 22, 2014 and May 31, 2018 (the "Settlement Class Period").

4.     The Court preliminarily appoints Plaintiff's Counsel, HammondLaw P.C., and Keller Rohrback as Settlement Class Counsel, and Plaintiff Deborah LePine as Settlement Class Representative.

1

[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION  FOR PRELIMINARY APPROVAL
CASE NO. 3:17-cv-05483-RBL

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208; Tel: 310-601-6766

5.      This Court approves, as to form and content, the Notice of Proposed Class Action Settlement ("Class Notice"), in substantially the form attached to the Settlement Agreement as **Exhibit A**. The Court approves the procedure for Settlement Class Members to opt out of, or object to, the Settlement as set forth in the Settlement Agreement and the Settlement Class Notice.

6.      The Court directs the mailing of the Settlement Class Notice by first class mail to the Settlement Class Members in accordance with the schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Notice, as set forth below, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7.      The Court confirms Simpluris, Inc. as the Settlement Claims Administrator

8.      The Court adopts the following dates and deadlines:

| | |
|---|---|
| Within 7 business days of Preliminary Approval Order | Deadline for Defendant to provide Settlement Class Data/List to the Settlement Administrator |
| 30 calendar days after Defendant provides the Settlement Class Data/List to the Settlement Administrator | Deadline for Settlement Administrator to mail Settlement Notice |
| 60 calendar days after the date the Court enters the Preliminary Approval Order | Deadline to submit Requests for Exclusion and Objections to the Settlement |

9.      Class Counsel shall file a memorandum of points and authorities in support of their motion for approval of attorneys' fees and litigation expenses no later than _____, 14 (14) calendar days before the end of the time within which Class Members may object to or opt out of the settlement.

10.      Settlement Class Counsel shall file a memorandum of points and authorities in

2

[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION  FOR PRELIMINARY APPROVAL
CASE NO. 3:17-cv-05483-RBL

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208; Tel: 310-601-6766

support of the final approval of the Settlement Agreement no later than _____, seven (7)

calendar days before the final settlement approval fairness hearing.

      11.    A final settlement approval fairness hearing on the question of whether the proposed

Settlement, attorneys' fees to Settlement Class Counsel, and the Settlement Class Representative's

Enhancement Award should be finally approved as fair, reasonable and adequate as to the members

of the Settlement Class is scheduled in for_____ at _____.

Presented by:

_____/s/_____

Dated this ___ day of  .

_____
HON. RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

3

[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION  FOR PRELIMINARY APPROVAL
CASE NO. 3:17-cv-05483-RBL

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208; Tel: 310-601-6766