Hon. Ronald B. Leighton

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DEBORAH LEPINE, individually and on
behalf of all others similarly situated,

                                    Plaintiffs,

        v.

PETCO ANIMAL SUPPLIES STORES, INC.,
a Delaware Corporation,

                                    Defendants.

No. 3:17-cv-05483-RBL

**PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR
ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE
AWARD**

**NOTE ON MOTION CALENDAR:
November 9, 2018**

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**TABLE OF CONTENTS**

I.    THE REQUESTED ATTORNEYS' FEES ARE REASONABLE.................................. 1

    A.    The Requested Fees Are Reasonable Under the "Percentage of the Fund" Method ......................................................................................... 2

        1.    The Result Achieved.................................................................... 3

        2.    The Risks of Litigation ............................................................... 4

        3.    The Skill Required and the Quality of the Work ....................... 5

        4.    The Contingent Nature of the Requested Fee ............................ 7

        5.    Awards in Similar Cases............................................................. 8

    B.    The Requested Fees are Reasonable Under the "Lodestar Multiplier" Cross-check ............................................................................. 8

        1.    Class Counsel's Current Lodestar is $185,625.50 ..................... 8

        2.    Class Counsel's Hourly Rates Are Reasonable ....................... 10

        3.    Class Counsel Request a Multiplier of 1.41............................ 10

    C.    Plaintiff's Fee Request Passes Scrutiny Under Heightened Ninth Circuit Standards Articulated in *In re Bluetooth, Allen v. Bedolla,* and *Dennis v. Kellog* ...................................................................... 11

II.   CLASS COUNSEL'S COSTS ARE REASONABLE .................................................. 13

III.  THE CLASS REPRESENTATIVE AWARD IS REASONABLE............................... 14

IV.   CONCLUSION........................................................................................................ 16

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - i
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiff Deborah LePine ("Plaintiff") hereby moves this Court for an award of $262,500 in attorneys' fees (representing 30% of the $875,000 gross settlement), $8,018.20 in costs, and an award to the Plaintiff/Class Representative in the amount of $5,000 for the service she has rendered to the Class throughout the litigation. These amounts are allocated by the Settlement Agreement, and Petco Animal Supplies Stores, Inc. ("Defendant" or "Petco") does not oppose these proposed payments. As set forth below, the Court should approve these amounts because they are fair, reasonable, and adequate.

The fees sought fall well within the range of reasonableness under the percentage of the fund method which is typically in the 20%-30% range. *Bowles v. Washington Dep't of Ret. Sys.*, 121 Wn.2d 52, 72 (1993). The requested fees also represent a multiplier of only 1.41 to Class Counsel's lodestar to date, which is at the low end of multipliers often awarded in similar actions. The requested Class Representative Award, $5,000, is also reasonable and should be approved. Courts frequently – almost universally – acknowledge the efforts of class representatives in recovering a common fund for a putative class and recognize this valuable contribution the form of a service award. *Staton v. Boeing Co.,* 327 F.3d 938, 976 (9th Cir. 2003).

## I.     THE REQUESTED ATTORNEYS' FEES ARE REASONABLE

In class actions, courts may award attorneys' fees and costs that are authorized by law or the parties' agreement. *See* Fed. R. Civ. P. 23(h). Here, Class Counsel created a common fund for the benefit of all class members, and attorneys' fees are commonly paid in common fund cases. *See Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 392-94 (1970) (courts award the cost of litigating "where a plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself . . . [and] in cases where the litigation has conferred a substantial benefit on the members of an ascertainable class"); *Lewis v. Anderson*, 692 F.2d 1267, 1270 (9th Cir. 1982) (the "substantial benefit doctrine . . . permits a plaintiff to recover attorneys' fees if his action has conferred a substantial benefit upon a class").

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 1
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Since Plaintiff's claims are based on substantive Washington law, Washington law provides the basis for entitlement to an award of attorneys' fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (citing cases). Washington law generally favors using a percentage method to determine reasonable attorneys' fees in cases involving common fund cases recoveries. *See Vizcaino*, 290 F.3d at 1047; *see also Bowles*, 121 Wn.2d at 72-73. The Court may then perform a lodestar analysis to check the reasonableness of the percentage awarded. *Vizcaino*, 290 F.3d at 1050.[1]

**A.      The Requested Fees Are Reasonable Under the "Percentage of the Fund" Method**

Under the "percentage of the fund" approach, "'a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" *Staton*, 327 F.3d at 967 (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). Under Washington law, the benchmark award in common fund cases is 25% of the recovery obtained, with 20-30% as the usual range. *Bowles*, 121 Wn.2d at 72-73. The Ninth Circuit echoes this approach. *Vizcaino*, 290 F.3d at 1047 (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)). Percentage fee awards exceeding 30% re not uncommon. The attorneys' fees sought here – 30% of the total fund – is well within the range deemed reasonable under the "percentage of the fund" method in similar cases.

The Ninth Circuit has articulated a non-exhaustive list of factors for evaluating the reasonableness of a fee request including: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of the work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *Vizcaino*, 290 F.3d at 1048-50. Each of these factors supports approval of the requested attorneys' fees.

---

[1] Had the case gone to trial, a prevailing plaintiff would be entitled to recover its attorneys' fees from the defendant. *See* RCW 49.46.090 (an employee who recovers for violations of minimum wage and overtime laws is entitled to "costs and such reasonable attorney's fees as may be allowed by the court."); RCW 49.52.070 (an employer who willfully withholds wages "shall be liable in a civil action . . . for twice the amount of wages unlawfully [ ] withheld . . . together with costs of suit and a reasonable sum for attorney's fees."). Here, Plaintiff's claim for attorneys' fees is encompassed within the common fund settlement.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 2
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

### 1.    The Result Achieved

Courts recognize that the result achieved is the most important factor to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("[T]he most critical factor is the degree of success obtained."); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (same).  Class Counsel candidly estimate that the total class-wide value of Plaintiff's claims, assuming total victory, would be in the range of $626,758 (for her core unpaid wage claims) and $1,553,516 (including double damages and attorneys' fees).  Dkt. No. 17 ¶ 13 (Declaration of T. David Copley In Support of Motion for Preliminary Approval of Class Action Settlement ("Copley Prelim. Decl.")).

 Thus, the $875,000 Settlement Amount represents at least 56% of the total possible damages (including double damages, interest and attorneys' fees), and 140% of the Class' estimated single damages on the unpaid wage claim.

And the settlement is also highly successful from the perspective of individual Class Members.  The average gross recovery per Class Member is approximately $960.  Each of the 911 known Class Members will receive a *per capita* award of at least $200.  Those Class Members with quantifiable rest break claims based on Commission Pay Periods – an estimated 563 Class Members – will receive an average *net* award of at least $1,044.[2]  These are substantial recoveries for class wage and hour claims, especially in light of the litigation risks, uncertainties, and delays of further litigation.

The result obtained here is particularly impressive when considering that to Class Counsel's knowledge, they are the first firms in Washington State to file or settle a case seeking unpaid rest breaks on behalf of commission-paid employees.  Declaration of T. David Copley In

---

[2] The estimated Net Settlement Amount is computed as follows: $875,000.00 (Gross Settlement Amount), less $11,497.63 (Settlement Administrator Costs), less $262,500.00 (Attorneys' Fees Requested), less $8,018.20 (Attorneys' Costs Requested), less $5,000.00 (Class Representative Service Award Requested) = $587,984.17 (Net Settlement Amount). Of the 587,984.17 Net Settlement Amount, $182,200 will be paid to the Class *per capita* ($200 * 911 Class Members), and the remainder will be paid *pro rata* to those 563 Class Members who worked at least one Commission Pay Period. The average *pro rata* payment will be $844, so those class members will receive a total average of $1,044 in *per capita* and *pro rata* payments.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 3
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Support of Motion for Approval of Attorneys' Fees and Costs and Class Representative Award ("Copley Fee Decl.") ¶ 4. Plaintiff's theory, that *Demetrio v. Sakuma Bros. Farms, Inc.,* 183 Wn.2d 649, 657 (2015) applies equally to commission-based employees like Class Members as to agricultural piece-rate workers, is novel and untested in Washington Courts. Class Counsel litigated this case without any Washington law to act as a guidepost for litigation or settlement. Despite the difficult and risky issues presented by this case, Class Counsel obtained an excellent result in a remarkably short time – about 1 year from filing to proposed settlement. *Id.* at 12. This demonstrates that the settlement is adequate and unquestionably reasonable and makes the 30% fee award request appropriate.

### 2.    The Risks of Litigation

Plaintiff faced significant hurdles on her rest break claim on the merits because of the novelty of that claim under existing Washington law. The arguments raised by Defendant included that (a) *Sakuma* does not apply to employees who effectively receive a base hourly rate for all hours worked, and therefore are never entitled to separate and hourly pay for rest break; (b) *Sakuma* has yet to be extended by the Washington courts to WAC 296-126-092; and (c) even if *Sakuma* did apply, damages would only accrue from July 16, 2015, the date the Washington Supreme Court confirmed in *Sakuma* that an employer's obligation to pay wages for rest periods extends to piece-rate workers.

Plaintiff also faced significant hurdles on the merits of her meal break claims. Defendant argued that (a) it enforced a facially valid meal break policy, and that any missed meal breaks were a Class Member's personal choice, and not a result of Petco's failure to ensure a timely meal break; and (b) it automatically compensated Class Members for shorted or missed meal periods (which made up approximately half of Plaintiff's meal break claim) and that Class Members cannot "double dip" and recover an additional 30 minutes of pay on top of the pay they already receive for their missed meal break.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 4
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

As to class certification, Defendant argued that individualized issues would predominate, particularly in regard to Plaintiff's meal break claims that would require ascertaining why each Class Member missed each break.  Defendant further argued that Plaintiff's rest break claims could not be certified because (a) each Class Member would have to prove that his or her compensation did not pay for rest breaks separately and hourly; and (b) the differences among the Class Members in the hours worked each day, and thus the number of unpaid rest breaks incurred by each Class Member, would raise insurmountable individualized issues.

Finally, Petco argued that it could not be held liable for double damages because it paid all wages due and owing to class members and there is no "bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Systems, Inc.,* 146 Wn.2d 841, 849 (2002).  This is because it is unsettled whether *Sakuma* applies to non-agricultural piece-rate workers; whether class members were piece rate workers; and whether any liability existed prior to the date the *Sakuma* decision was issued.  Likewise, there is a bona fide dispute as to Class Members' entitlement to missed meal break pay because Defendant enforced a valid meal break policy and any untimely meal breaks were the result of a Class Member's personal choice.

Thus, the $875,000 settlement amount represents an excellent result in light of these significant risks and uncertainties that Plaintiff faced in continuing litigation.

### 3.    The Skill Required and the Quality of the Work

Class Counsel has extensive experience litigating similar wage and hour class actions. Copley Fee Decl. ¶ 1; *see* Declaration of Julian Hammond in Support of Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Costs ("Hammond Fee Decl.") Exh. 1. While numerous lawsuits have been filed on behalf of piece-rate workers since the *Sakuma* decision was issued, including several by Class Counsel, this case presented the novel and untested issue of whether commission-based employees are entitled to separate and hourly rest break pay under *Sakuma*.  In fact, to Class Counsel's knowledge, no law firm has filed a complaint in Washington alleging *Sakuma* applies to commission-based employees.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE AWARD - 5 (3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Thus, as discussed above, Class Counsel had no Washington law to act as a guidepost in litigating and settling these claims. The novel claims also necessitated significant expenditure of time on legal research and analysis of voluminous time and pay records produced by Defendant, to arrive at a realistic valuation of the case.

This Settlement was a product of intensive, adversarial negotiations between the parties, who were assisted by Clifford Freed, a highly skilled Seattle-based mediator. Copley Fee Decl. ¶ 12. The parties spent months prior to the mediation engaged in formal and informal discovery; meeting and conferring regarding document production; Plaintiff served written discovery requests on November 28, 2017. In response to these requests and in the interest of facilitating mediation, Petco produced voluminous and complex payroll records and operational documents. This production included not only Petco's compensation policies, but also detailed information regarding the dates that each Class Member worked; the times that Class Members clocked in and clocked out; and the amount and type of pay received by Class Members during each week of the Class Period. The parties participated in numerous meet and confers, via telephone and e-mail, leading up to the mediation in order to clarify the meaning of the data produced by Defendant. *Id.* ¶ 9.

Class Counsel then drafted a detailed mediation brief including an extensive discussion of the applicable case law and a thorough damages analyses.

Following a full-day mediation with Mr. Freed, the parties reached an agreement in principal. The parties then spent the next two months negotiating the details before executing the Settlement Agreement. *Id.* ¶ 13. Thus, this agreement was reached after production and analysis of voluminous and highly relevant data, and with the aid of a highly experienced mediator, and the proposed fee award does not involve any collusion or conflict impairing the Class' interests.

Through these efforts, Class Counsel obtained a non-reversionary $875,000 Settlement in a remarkably short filing-to-settlement time. This demonstrates Class Counsel's skill and experience in litigating wage and hour claims.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 6
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

### 4.      The Contingent Nature of the Requested Fee

2      Attorneys who represent clients on a contingency basis are entitled to more than the

3 market value of their services as a reward for the risk of non-payment.  *See Graham v.*

4 *DaimlerChrysler Corp.*, 34 Cal. 4th 553, 580 (2004) ("'A lawyer who both bears the risk of not

5 being paid and provides legal services is not receiving the fair market value of his work if he is

6 paid only for the second of these functions.'" (citation omitted)); *In re Washington Pub. Power*

7 *Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("It is an established practice in the

8 private legal market to reward attorneys for taking the risk of non-payment by paying them a

9 premium over their normal hourly rates for winning contingency cases.").  Further, awarding

10 fees that exceed the market value of the services rendered "are accepted in the legal profession as

11 a legitimate way of assuring competent representation for plaintiffs who could not afford to pay

12 on an hourly basis regardless whether they win or lose." *Id.* at 1299.  If this bonus methodology

13 did not exist, "very few lawyers could take on the representation of a class client given the

14 investment of substantial time, effort, and money, especially in light of the risks of recovering

15 nothing." *Id.* at 1300.

16      Here, Class Counsel were committed to prosecuting this case despite the risk that they

17 would not be paid for their time and resources expended.  Copley Fee Decl. ¶ 16.  This case was

18 especially risky because it presented novel issues including whether the ruling in *Sakuma* that

19 agricultural piece- rate workers are entitled to separate and hourly pay for rest breaks applies to

20 Class Members.  As detailed below, Class Counsel expended 308.6 hours with no guarantee of

21 payment.  Thus, Plaintiff's request for 30% of the total settlement amount as fees for Class

22 Counsel is well within the zone of reasonable attorneys' fees awards for the quality of services

23 Class Counsel rendered and the results they obtained for the Class.

24

25

26

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 7
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5.     **Awards in Similar Cases**

Here, Class Counsel seek an award of 30% of the common fund for their attorneys' fees – a percentage routinely awarded by courts in the Western District of Washington.[3]  Thus, applying the above standards to the facts in this case, Plaintiff's request for 30% of the total settlement amount is well within the zone of reasonable attorneys' fees awards for the quality of services Class Counsel rendered and the results they obtained for the Class.

B.     **The Requested Fees are Reasonable Under the "Lodestar Multiplier" Cross-check**

The Court should approve the fee award allocated by the Settlement because, at $262,500 Class Counsel's requested fees represents a modest multiplier of 1.41 that is well supported for cases like this one, in which Class Counsel provided skilled representation, accepted the contingent risk of litigation, and obtained an excellent result in a short period of time in a case that presented many novel and complex issues.

In determining the reasonableness of the fee under the lodestar method, the Court must begin with the "lodestar" figure, which is calculated by multiplying the number of hours the prevailing party "reasonably expended on the litigation by a reasonable hourly rate."  *See Hensley*, 461 U.S. at 433 (1983).

1.     **Class Counsel's Current Lodestar is $185,625.50**

Applying the first step of this analysis, Class Counsel have expended at least 308.6 hours in this litigation for a lodestar of at least $185,625.50. Copley Fee Decl. ¶¶ 19, 30.  This lodestar amount is documented by detailed and contemporaneous billing records maintained by Plaintiff's

---

[3] *See, e.g.*, *Eilerman v. McLane Company, Inc.*, No. 3:16-cv-05303-BHS (W.D. Wash. May 10, 2017) (awarding a fee equal to 30% of the common fund); *Rajagopalan et al v. Fidelity and Deposit Co. of Maryland et al*, No. 3:16-cv-05147-BHS (W.D. Wash. Oct. 10, 2017) (29.5%); *Randolph v. Centene Mgmt. Co., LLC*, No. 3:14-cv-05730-BHS (W.D. Wash. Nov. 28, 2016) (30%); *Ikuseghan v. MultiCare Health Sys.*, No. C14-5539 BHS (W.D. Wash. Aug. 16, 2016) (30%); *Chan et al v. Wells Fargo Home Mortg. Inc.*, No. 2:11-cv-00871-JLR (W.D. Wash. Oct. 1, 2015) (30%); *Dennings v. Clearwire Corp.*, No. 2:10-cv-01859-JLR, 2013 U.S. Dist. LEXIS 64021 (W.D. Wash. May 3, 2013) (35.78%); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (33%); *R.H. v. Premera Blue Cross et al.*, No. 2:13-cv-00097 (W.D. Wash. Jan. 21, 2015) (35%); *A.D. v. T-Mobile USA, Inc. Emp. Benefit Plan et al.*, No. 2:15-cv-00180 (W.D. Wash. Jan. 5, 2017) (35%); *In re Immunex Sec. Litig.*, 864 F. Supp. 142, 146 (W.D. Wash. 1994) (30%); and *In re Avista Corp. Sec. Litig.*, 2007 WL 4568933, *5 (E.D. Wash. Dec. 20, 2007) (30%).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 8
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Counsel. *Id.* ¶¶ 20-21.  The time summaries included in Class Counsel's declarations filed herewith accurately reflect the extensive work Class Counsel necessarily performed in this complex litigation and are the best evidence of the time that this case has required.  *See Perkins v. Mobile Housing Bd.,* 847 F.2d 735, 738 (11th Cir. 1988) (counsel's "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case").  Indeed, trial courts may even use "rough" estimations, so long as they apply the correct standard.  *Fox v. Vice,* 563 U.S. 826, 838 (2011).[4]  This lodestar amount does not include the additional work that will be needed to obtain final approval and oversee distribution of proceeds to the Class.  Copley Fee Decl. ¶ 27.

Class Counsel investigated and researched the facts and circumstances underlying the pertinent issues and applicable law prior to filing the Complaint, propounded discovery, carefully analyzed voluminous documents and payroll data produced by Petco for each pay period worked by each Class Member and reviewed hundreds of pages of meal and rest break policies, time-recording policies, employee handbooks, compensation policies, and job descriptions.  Class Counsel conducted a detailed damages analysis and engaged in a full-day mediation in Seattle.

As discussed above, Class Counsel took this case on a contingent basis.  "It must be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees.  The payoff is too uncertain, as to both the result and the amount of the fee." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008).  Given this absence of incentive to spend unnecessary hours, the Court should defer to Class Counsel's professional judgment concerning the number of hours reasonably required to reach a successful resolution of the case.

---

[4] As the Supreme Court has stated, "The fee applicant . . . must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'  But trial courts need not, and indeed should not, become green-eye-shade accountants.  The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox,* 563 U.S. at 838 (citations omitted).  To ensure there is no waiver of the attorney-client privilege or work product protection, Class Counsel have provided summaries of their lodestar fees and litigation expenses.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE AWARD - 9
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### 2.   Class Counsel's Hourly Rates Are Reasonable

Class Counsel calculated their lodestar using hourly rates that are commensurate with the rates of practitioners with similar experience, and that have been previously approved and found reasonable by this Court and by numerous other courts.  Copley Fee Decl. ¶ 29; Hammond Fee Decl. ¶ 8.  These rates are similar to rates that have been approved by many courts in the Western District of Washington.[5]  Class Counsel's hourly rates are reasonable in light of their significant experience, expertise, and skill demonstrated by their ability to obtain an excellent settlement in remarkably short amount of time after filing, and in a case that presented novel and untested issues that have not been litigated in Washington state.

### 3.   Class Counsel Request a Multiplier of 1.41

Class Counsel requested fees represent a multiplier of only 1.41 to their current lodestar. This is well supported for a case like this one where Counsel accepted the contingent risk of the litigation and obtained an excellent result.  *Fischel v. Equitable Life Assur. Soc'y*, 307 F.3d 997, 1008 (9th Cir. 2002) ("A district court generally has discretion to apply a multiplier to the attorney's fees calculation to compensate for the risk of nonpayment.").  Courts in this district commonly award multipliers even higher than 1.41.[6]

---

[5] *Pelletz v. Weyerhaeuser Co*., 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (approving hourly rates of $305 to $800); *In Re Starbucks Consumer Litigation*, Case No. 2:11-cv-01985-MJP (W.D. Wash. Mar. 5, 2013) (approving hourly rates of $225 to $850); *Dennings*, No. 2:10-cv-01859-JLR (W.D. Wash. May 3, 2013) (approving hourly rates of $325 to $525); *McGuire v. Dendreon Corp. et al*., No. 2:07-cv-00800-MJP (W.D. Wash. Dec. 20, 2010) (approving hourly rates of $100 to $850); *Griffith et al. v. Providence Health & Servs. et al*., No. 2:14-cv-01720-JCC (W.D. Wash. March 21, 2017) (approving hourly rates of $400 to $940); *Global Educ. Servs. v. Intuit, Inc.*, No. 2:09-cv-00944-RSL (W.D. Wash. Sept. 22, 2011) (approving hourly rates of $760 and $650); *Gardner v. Capital Options, LLC et al.*, No. 2:07-cv-01918-JCC (W.D. Wash. May 29, 2009) (approving hourly rates of $500 and $760); *Zwicker v. Gen. Motors Corp*., No. 2:07-cv-00291-JCC (W.D. Wash. Nov. 7, 2008) (approving hourly rates up to $650).

[6] *See Joseph v. Trueblue, Inc. et al.*, No. 3:14-cv-05963-BHS (W.D. Wash. Mar. 6, 2017) (fee award represented 2.55 multiplier); *Randolph*, No. 3:14-cv-05730-BHS (W.D. Wash. Nov. 28, 2016) (awarding 2.5 multiplier); *Pelletz*, 592 F. Supp. 2d at 1325 (a "modest 1.82 multiplier requested by [counsel] falls well within the range of multipliers approved by Ninth Circuit courts."); *Premera Blue Cross et al.*, No. 2:13-cv-00097-RAJ (W.D. Wash. Jan. 21, 2015) (awarding 3.3 multiplier as "well within an acceptable range"); *T-Mobile USA, Inc. Employee Benefit Plan et al.*, No. 2:15-cv-00180-RAJ (W.D. Wash. Jan. 5, 2017) ("Although this award results in a multiplier of 2.23, it is still well within an acceptable range").

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 10
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    The result obtained by Class Counsel warrants a multiplier of 1.41 based on other factors

2  including:

3        (a) <u>Class Counsel loaned their services out with no guarantee of being paid</u>: It is well-

4  settled that providing attorneys who represent clients under fee agreements a larger fee than the

5  market value of their services helps to assure adequate representation for plaintiffs unable to

6  afford accomplished attorney hourly rates.  *Graham*, 34 Cal. 4th at 580.

7        (b) <u>This case presented a novel issue that to Plaintiff's Counsel's knowledge has never</u>

8  <u>been litigated in Washington</u>, and as far as Class Counsel knows, there have been no cases filed

9  in Washington State alleging that commission-based employees are entitled to separate and

10  hourly rest break pay; and

11        (c) <u>Class Counsel obtained an excellent result in a remarkably short filing-to-settlement</u>

12  <u>time</u>.  As discussed above, 911 Class Members will enjoy significant monetary relief.  The

13  Settlement will provide immediate compensation to the Settlement Class and will avoid the

14  substantial risks of less or no recovery presented by continued litigation.  This settlement was

15  reached approximately one year after Plaintiff filed her lawsuit – a remarkably short amount of

16  time.

17        Finally, the requested multiplier does not include time Class Counsel expects to expend

18  in the remainder of the proceedings.  The foregoing strongly demonstrates the reasonableness of

19  the requested multiplier.

20  **C.    Plaintiff's Fee Request Passes Scrutiny Under Heightened Ninth Circuit Standards Articulated in *In re Bluetooth, Allen v. Bedolla,* and *Dennis v. Kellog***

22        The present Settlement also comports with the heightened standards of scrutiny for

23  approving attorneys' fees in class actions that the Ninth Circuit articulated in *In re Bluetooth*

24  *Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011), *Allen v. Bedolla*, 787 F.3d

25  1218 (9th Cir. 2015), and *Dennis v. Kellogg Co*., 697 F.3d 858 (9th Cir. 2012).

26

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 11
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

In *Bluetooth*, the Ninth Circuit vacated and remanded an award of fees by a district court in approving a class action settlement, finding that the district court did not fully assess the reasonableness of the fee request and settlement as a whole. 654 F.3d at 943, 947.  The court reasoned that the disparity between the value of the class recovery (a $100,000 *cy pres* award) and class counsel's compensation ($800,000), and the reversionary nature of the settlement that returned unclaimed funds to the defendant, gave rise to an inference of unfairness. *Id.* at 938, 947.  Likewise, in *Bedolla*, the Ninth Circuit reversed the district court's granting of final approval of a class action settlement and reasoned that the reversionary nature of the settlement and the fact that the attorneys' fee awarded exceeded the maximum possible amount of class monetary relief by a factor of three, evidenced possible implicit collusion between the parties. 787 F.3d at 1224.

However, both *Bluetooth* and *Bedolla* are factually inapposite to the present case. In *Bluetooth,* there was no monetary benefit to the class and in *Bedolla* there was an 8% claims rate. *Id.* at 1224 n.4.  Here the settlement will result in a significant net payment to the class – after paying all Court-approved fees and expenses – of approximately $587,984, and the Class will automatically receive their settlement share unless they opt-out.  Further, *Bluetooth* and *Bedolla* both involved reversionary settlements, whereas here none of the settlement fund will be returned to Defendant.  Finally, in both *Bluetooth* and *Bedolla* the district courts failed to perform a proper lodestar analysis including failing to make an express finding on a reasonable lodestar amount.  *Bluetooth,* 654 F.3d at 943; *Bedolla*, 787 F.3d at 1225.  Here, the fee award sought of $262,500 is not disproportionate to the $587,984.17 net class recovery and is also reasonable under a lodestar check, as discussed above.  Accordingly, neither *Bluetooth* nor *Bedolla* poses a bar to Plaintiff's requested fees.

*Kellogg*, likewise, provides no reason to deny or reduce the requested fees and is factually distinguishable.  In *Kellogg*, the Ninth Circuit reversed and vacated a class action settlement of false advertising claims, which was entered into three months after filing of the

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 12
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  complaint.  The settlement contained a reversion provision, only $800,000 worth of claims were

2  made, part of the settlement included charitable donations that Defendant had in place prior to

3  the settlement, and class counsel sought millions of dollars in fees.  In rejecting the proposed

4  award of fees, the Ninth Circuit noted that the benefits to the class were "vaporous" and class

5  counsel's lodestar multiplier (4.3) and hourly rates were excessive (on average $2,100 per hour)

6  which was greatly in excess of the range of market rates.  697 F.3d at 862.  The settlement in the

7  instant case does not suffer from any of the defects of the *Kellogg* settlement.  It consists entirely

8  of real, hard-money payment amounts that will be made to Class Members automatically unless

9  they opt-out; there is no reversion to the Defendant; the lodestar multiplier is only 1.41; and the

10  effective hourly rates to be earned by Class Counsel if the proposed award is approved would be

11  close to their market-based, usual hourly billing rates.[7]

## II.      CLASS COUNSEL'S COSTS ARE REASONABLE

13      Class Counsel requests reimbursement in the amount of $8,018.20 for out-of-pocket

14  expenses incurred during this litigation.  Copley Fee Decl. ¶¶ 32-36.  These costs include filing

15  fees, mediator fees, travel costs, legal research charges, copying costs, and the like.

16  Approximately $2,100 of these costs are professional fees paid to Mr. Freed for the full-day

17  mediation session, which was instrumental to reaching the Settlement.[8]

---

[7] The *Bedolla* Court also vacated the attorneys' fees award because the district court did not set the deadline for objecting to counsel's fee request for a date after the fees brief had been filed as required under *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 993 (9th Cir. 2010).  *Bedolla*, 787 F.3d at 1225-1226.  Here, Class Counsel's motion for fees is being filed eleven days prior to the October 5, 2018 opt-out/objection deadline to give the class "an adequate opportunity to review and prepare objections to class counsel's completed fee motion" if they wish to.  *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d at 994-95.

[8] Had the case gone to trial, a prevailing plaintiff would be entitled to recover its litigation costs from the defendant.  *See* RCW 49.46.090 (an employee who recovers for violations of minimum wage and overtime laws is entitled to "costs and such reasonable attorney's fees as may be allowed by the court."); RCW 49.52.070 (an employer who willfully withholds wages "shall be liable in a civil action . . . for twice the amount of wages unlawfully [ ] withheld . . . together with costs of suit and a reasonable sum for attorney's fees."); *Arthur v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR, 2012 WL 4076119, at *2 (W.D. Wash. Sept. 17, 2012) ("The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of class action settlement.") (citing *Staton*, 327 F.3d at 974); *see also Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (class counsel may recover expenses "that would normally be charged to fee paying client").  Here, Plaintiff's claim for litigation costs is encompassed within the common fund settlement.

---

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 13
(3:17-cv-05483-RBL)

1

### III.    THE CLASS REPRESENTATIVE AWARD IS REASONABLE

2

The requested award to Plaintiff of $5,000 allocated by the Settlement is reasonable and

3

should be approved because class representatives in class action litigation are eligible for

4

reasonable participation payments to compensate them for the risks assumed and efforts made on

5

behalf of the Class.  *See Staton*, 327 F.3d at 976.  "Incentive awards are fairly typical in class

6

action cases.  Such awards are discretionary and are intended to compensate class representatives

7

for work done on behalf of the class, to make up for financial or reputational risk undertaken in

8

bringing the action . . . "  *Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 958 (9th Cir. 2009)

9

(internal citations omitted).

10

In evaluating the payments to named plaintiffs, the factors courts consider include (a) a

11

comparison between the service awards and the range of monetary recovery available to the class

12

(*see Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001); *Roberts v. Texaco,*

13

*Inc.*, 979 F. Supp. 185, 200, 203-04 (S.D.N.Y. 1997)); (b) time and effort put into the litigation

14

(*see Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995); *Cook v. Niedert*,

15

142 F.3d 1004, 1016 (7th Cir. 1998)); and (c) whether the litigation will further the public policy

16

underlying the statutory scheme (*see Roberts*, 979 F. Supp. at 201, n. 25); and (d) risk of

17

retaliation (*see id.* at 202; *Cook*, 142 F.3d at 1016).  These factors weigh in favor of a class

18

representative service award to Ms. LePine.

19

The requested award is relatively modest compared to the $875,000 Settlement Amount,

20

the per capita amount that each Class Member will receive, and the $960 average gross recovery.

21

The requested award is same as or similar to awards granted in this district.  *See Pelletz*, 592 F.

22

Supp. 2d at 1329 (award of $7,500); *In re Infospace, Inc.,* 330 F. Supp. 2d 1203, 1216 (W.D.

23

Wash. 2004) (awards of $5,000 and $6,600); *In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454,

24

457, 463 (9th Cir. 2000) (upholding award of $5,000); *Hughes v. Microsoft Corp*., 2001 WL

25

34089697, at *12-13 (W.D. Wash. Mar. 26, 2001) (approving awards of $7,500, $25,000, and

26

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 14
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

$40,000); *In Re Online DVD Rental Antitrust Litigation*, 779 F.3d 934, 947-948 (9th Cir. 2015) (upholding awards of $5,000 for each of nine class representatives).

The proposed award is appropriate to compensate Plaintiff for the critical role she played in this case and the time, effort, and risks she undertook.  Throughout the litigation, Plaintiff greatly assisted Class Counsel in reviewing relevant data and documents including the Complaint, pay data, the mediation brief, the settlement agreement; and maintaining contact with several class members to keep them apprised of the case.  Plaintiff spent many hours assisting with this case.  *See* Declaration of Deborah LePine filed herewith.

The participation and assistance provided by Plaintiff was critical to the success of this litigation and the enforcement of Labor Code protections.  Without the named Plaintiff's commitment to come forward and serve as a Class Representative, this litigation, which challenges employers from passing on their business risks to their employees and enforces the protections of Washington state law, would not be possible.  Copley Fee Decl. ¶ 37.

Equally important, Plaintiff assumed several risks by agreeing to formally represent the Class.  For one, she agreed to assume the obligation to pay Defendant's potential costs, an amount that could have totaled in the hundreds of thousands of dollars, if she did not prevail at trial.  The other Class Members in this case did not assume this risk.  Plaintiff also risked being branded a "troublemaker" and blacklisted by other employers in the pet grooming industry. *Staton*, 327 F.3d at 976 ("reasonable[e] fear [of] workplace retaliation" is a factor in assessing the proper amount of the enhancement) (citation omitted); *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960) ("[I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions."); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000) ("[F]ear of employer reprisals will frequently chill employees' willingness to challenge employers' violations of their rights.").

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 15
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Defendant does not oppose this award.  Because the requested award is moderate,

2    commensurate with the results achieved, efforts expended and risks undertaken by Plaintiff and

3    consistent with awards approved by courts in similar cases, the Court should approve this service

4    award in full.

5                                    **IV.    CONCLUSION**

6    For the foregoing reasons, Class Counsel respectfully request that the Court grant the

7    requested attorneys' fees and costs and approve the requested award for the Plaintiff.

8    Respectfully submitted this 24th day of September, 2018.

9                                        *s/ T. David Copley*
                                         _____
10                                       *s/ Tana Lin*
                                         _____
11                                       T. David Copley #19379
                                         Tana Lin #35271
12                                       KELLER ROHRBACK L.L.P.
                                         1201 Third Avenue, Suite 3200
13                                       Seattle, WA 98101
                                         Phone: (206) 623-1900
14                                       Fax: (206) 623-3384
                                         Email: dcopley@kellerrohrback.com
15                                       Email: tlin@kellerrohrback.com

16                                       *s/ Julian Hammond*
                                         _____
17                                       Julian Hammond #52096
                                         HAMMOND LAW, P.C.
18                                       1829 Reisterstown Rd., Suite 410
                                         Baltimore, MD  21208
19                                       Phone: (310) 601-6766
                                         Fax:    (310) 295-2385
20                                       Email:  jhammond@hammondlawpc.com

21                                       *Attorneys for Plaintiff Deborah LePine*

22

23

24

25

26

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 16
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I certify that on September 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

Dated this September 24, 2018, at Seattle, Washington.

*s/Leslie Nims*
Leslie Nims, Legal Assistant

4850-8598-3090

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
AND CLASS REPRESENTATIVE AWARD - 17
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384