Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

DEBORAH LEPINE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PETCO ANIMAL SUPPLIES STORES, INC., a Delaware Corporation,

Defendants.

No. 3:17-cv-05483-RBL

**DECLARATION OF T. DAVID COPLEY IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE AWARD**

I, T. David Copley, being duly sworn, states as follows:

1. I am a Partner in the law firm Keller Rohrback L.L.P. ("Keller Rohrback"). I am counsel of record for Plaintiff Deborah LePine in this case. My co-counsel in this case is Julian Hammond of HammondLaw, P.C. ("Hammond"). In this declaration I refer to Keller Rohrback and Hammond as "Class Counsel" because we filed the case as a class action and the Court preliminarily appointed us as Class Counsel on August 7, 2018. ECF No. 18 (Preliminary Approval Order). Class Counsel have considerable experience litigating wage and hour class actions.

2. I offer this declaration in support of Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Class Representative Award, which seeks a fee award of $262,500 – 30% of



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the $875,000 Settlement Amount. This request is commensurate with the amount of work Class Counsel have expended to date. As of September 18, 2018, Plaintiff's Counsel have expended at least 308.6 hours in this litigation to date for a combined lodestar of at least $185,625.50. This lodestar amount is documented by detailed and contemporaneous billing records maintained by Class Counsel.

**THE WORK PERFORMED BY CLASS COUNSEL**

3. Class Counsel performed substantial work in this case, which has resulted in a significant settlement fund for the benefit of the Class. We avoided protracted litigation by conducting investigation before filing suit related to the class claims, and efficiently communicated with Defense Counsel such that the parties could successfully evaluate and settle the case.

4. Prior to filing this Action, Class Counsel investigated and researched the facts and circumstances underlying the pertinent issues and applicable law. This included a careful review of Washington regulatory law and pertinent decisions, including the Washington Supreme Court's ruling in *Demetrio v. Sakuma Bros. Farms, Inc.*, 183 Wash.2d 649 (2015) ("*Sakuma*"). We explored the viability of an argument to extend *Sakuma* beyond the piece-rate context to the commission context presented by Ms. LePine's employment at Petco. This necessitated a significant expenditure of time in terms of legal research because this was at the time – and might still be – an unsettled question of Washington law. At the time this case was filed, the only case law addressing the issue of whether commission employees are entitled to separate and hourly pay for rest breaks was a California Court of Appeals decision that is not binding authority on Washington courts. Class Counsel believe that they are the first firms in Washington State to file or settle a case seeking unpaid rest breaks on behalf of commission-paid employees.

5. After thorough factual and legal research, Class Counsel drafted the complaint in this case. On June 22, 2017, Plaintiff filed her complaint alleging causes of action for Petco's failure to pay hourly and separate wages for time spent on statutory rest periods apart from and



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

in addition to their commission pay, failure to provide meal breaks, failure to pay all wages due and payable for compensable time associated with rest and meal periods, failure to issue accurate itemized wage statements, and failure to pay all wages due at established pay periods. Plaintiff also alleged that she is entitled to double damages for Defendant's willful violation of Washington's wage and hour laws.

6. On August 25, 2017, Petco filed its answer, in which it generally denied Plaintiff's allegations. Petco also asserted several defenses that posed significant risks to Plaintiff's claims.

7. Following the filing of the complaint, the parties exchanged initial disclosures and met and conferred prior to filing a joint status report and discovery plan. The parties discussed the procedural and substantive merits of the case, as well as the costs to the parties of further litigation. From these discussions, the parties agreed that the case was appropriate for mediation based on the complexity of issues and high level of risk for both sides.

8. On October 9, 2017, the parties filed their joint status report and discovery plan. They also notified the Court that they were working to schedule a mediation for the first quarter of 2018.

9. Plaintiff served written discovery requests on November 28, 2017. In response to these requests and in the interest of facilitating mediation, Petco produced voluminous and complex payroll records and operational documents. This production included not only Petco's compensation policies, but also detailed information regarding the dates that each Class Member worked; the times that Class Members clocked in and clocked out; and the amount and type of pay received by Class Members during each week of the Class Period. The parties participated in numerous meet and confers, via telephone and e-mail, leading up to the mediation in order to clarify the meaning of the data produced by Defendant.

10. My co-counsel and I thoroughly analyzed the information and data produced to arrive at a realistic settlement value. The voluminous data, coupled with the novel claims



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

asserted, necessitated significant expenditure of time in order to arrive at a realistic valuation of the case. We drafted a detailed mediation brief including liability issues, potential defenses, and a detailed damages analysis.

11. On May 1, 2018, the parties participated in a full-day mediation led by Clifford Freed (WAMS), a highly skilled and experienced mediator. The negotiations were vigorously contested. Settlement probably would not have been possible without Mr. Freed's assistance. The parties signed a term sheet at the conclusion of the mediation.

12. The parties negotiated the details of the long-form settlement agreement over the following two months. On July 6, 2018, after several rounds of revisions, the parties executed the Settlement Agreement. Several provisions of the Settlement Agreement ("*SA*") pertain to attorneys' fees, costs, and class representative service award:

A. Petco shall not oppose a fee request of up to $291,637, which is equal to ***33%*** of the $875,000 Settlement Amount. *SA* § 3(F). Here, Class Counsel seek only ***30%*** of the Settlement Amount.

B. Petco shall not oppose a request for cost reimbursement up to $15,000. *Id*. Here, Class Counsel seek only $8,018.20.

C. Petco shall not oppose a class representative service award of up to $7,500. *Id*. Here, Plaintiff proposes a class representative service award of only $5,000.

D. Settlement administration costs are not to exceed $25,000. *SA* § 8(C). Here, settlement administration costs are less than half that amount. Simpluris, retained by Class Counsel to provide class notice and settlement administration services, will only charge $11,497.63.

E. In every category, the instant request for fees and costs is significantly less than the amounts specified in the Settlement Agreement.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

13. Plaintiff filed a motion for preliminary approval of the proposed settlement on July 17, 2018. The Court granted preliminary approval and authorized class notice on August 7, 2018.

**REQUEST FOR ATTORNEYS' FEES**

14. Plaintiff's Counsel seek an award of $262,500, or 30% of the common fund created by the settlement in this case. The amount of the requested fees is fair, reasonable, and adequate to compensate Class Counsel for the substantial work devoted to this case and for the risk assumed in asserting a legal theory that has never been tested or accepted in Washington. The lack of Washington precedent made it much more challenging to assert, value, and settle this case.

15. Class Counsel took this case on a contingency fee basis. Plaintiff and absent class members were not obligated to us for any fees unless we obtained a recovery, and we advanced all of the costs of litigation. This case was risky because it presented novel issues including whether the ruling in *Sakuma* regarding piece-rate agricultural workers also applies to commission-based non-agricultural workers such as the Class Members. Recovery of costs or fees was entirely contingent on a successful outcome. The amount of time expended was substantial, and our significant financial outlays would have been entirely lost if the case were not won or settled on beneficial terms.

16. The attorneys' fees requested at this time are intended to reimburse Class Counsel for all work already done as well as for all the work remaining to be done including the drafting and editing of the final approval papers, overseeing administration of the settlement, and submitting any final reports that may be required by the Court.

17. Petco does not oppose payment of attorneys' fees up to 33% of the Settlement Amount. The $262,500.00 award requested here – 30% of the Settlement Amount – is eminently reasonable.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**LODESTAR CROSS-CHECK**

18. It is common to compare a percentage-of-recovery award against the approximate value of the work performed using a lodestar approach (hours times rates) – commonly known as a lodestar cross-check. Here, a lodestar cross-check tends to support the reasonableness of the requested fee award. As of September 18, 2018, Class Counsel has expended at least 308.6 hours in this litigation to date for a combined lodestar of at least $185,625.50.

19. The accompanying declaration of Julian Hammond substantiates the work performed by HammondLaw. As Mr. Hammond confirms, his firm spent 141.9 billable hours thus far working on this case. Using that firm's billing rates, these hours equate to a lodestar of $83,019.50.

20. My firm has spent 166.7 hours working on this case to date. Applying our current billing rates, these hours translate into a lodestar of $102,606.00. This lodestar amount is documented by detailed and contemporaneous billing records. As described below, all of the hours reported were appropriate and reasonably devoted to the advancement of the case.

21. I am the Keller Rohrback L.L.P. timekeeper with the largest contribution to lodestar. Through September 18, 2018, I have billed 84.8 hours to this matter. This represents work on the full range of the litigation, including engagement by the client, pre-filing investigation and legal research, preparation of the Complaint, initial disclosures and initial discovery requests, stipulations and proposed orders (including draft stipulations regarding scheduling, status conference report, protective order, and ESI protocol), negotiations with opposing counsel to explore the possibility of mediation, negotiations with opposing counsel regarding the acceptable scope of informal discovery necessary to allow meaningful mediation, review and assistance with preparation of mediation brief, attendance at mediation, review and assistance with drafting/negotiation of final settlement papers, and preparation of the motion for preliminary approval.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

22. My law partner Tana Lin billed 7.2 hours to this case. Ms. Lin's work focused on researching and drafting the Complaint.

23. My associate Tanya Korkhov billed 14.7 hours to this case. Ms. Korkhov's work focused on reviewing and analyzing documents produced by Petco regarding its compensation policies, management, reporting and payment structures.

24. Much of the work performed by Keller Rohrback L.L.P. in this case was appropriately delegated to our talented and highly-experienced paralegals. Mary Montgomery billed 33.3 hours to this case. Her work focused on case management, review and analysis of draft settlement agreement and class notice, consideration of practical issues likely to arise in the course of settlement administration, review of the motion for preliminary approval and supporting documentation, communication with the settlement administrator, and facilitating communication among the legal team. Daniel Lenentine billed 13.3 hours to this case. His work focused on client communications, preparing first drafts of documents for attorney review and revision, and reviewing and proofreading documents prior to filing or serving.

25. When possible and practical, attorneys and senior paralegals enlisted the assistance of junior paralegals. Leslie Nims billed 7.4 hours to this case and Kris Bartlett billed 6.2 hours to this case. Each of these professionals played supporting roles. Their work focused on document management, docketing, preparing initial drafts for paralegal and attorney review and revision, researching court rules to ensure compliance with all legal deadlines and requirements, and maintaining regular client contacts.

26. My Keller Rohrback L.L.P. colleagues and I will invest additional time seeing the case through to final approval, settlement administration, and distribution of proceeds to Ms. LePine and other class members.

27. A summary of the hours, hourly rates, and lodestar value for our firm's professional staff that billed to this case is as follows:



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| T. David Copley | 84.6 | $ 830.00 | $ 70,218.00 |
| Tana Lin | 7.2 | $ 830.00 | $ 5,976.00 |
| Tanya Korkhov | 14.7 | $ 650.00 | $ 9,555.00 |
| Mary Montgomery | 33.3 | $ 300.00 | $ 9,990.00 |
| Daniel Lenentine | 13.3 | $ 270.00 | $ 3,591.00 |
| Leslie Nims | 7.4 | $ 250.00 | $ 1,850.00 |
| Kris Bartlett | 6.2 | $ 230.00 | $ 1,426.00 |
| **Total** | **166.7** | | **$ 102,606.00** |

28. The rates noted above reflect each timekeeper's usual and customary hourly rates. These rates are the same as, or substantially similar to, rates used by my firm in similar types of actions. In addition, my firm has submitted fee petitions in other cases that have reported hourly rates at amounts comparable to those sought herein, and courts have approved awards of attorneys' fees in such cases. For purposes of awarding fees and performing a lodestar cross-check, Keller Rohrback's then current and historical rates have been approved by courts in numerous other class actions in this District, including *Chan v. Wells Fargo Home Mortgage*, No. 11-00871, (W.D. Wash. Oct. 1, 2015) (approving Keller Rohrback's usual and customary rates as reasonable, including *2015* attorney rates of $300 to $895 and paralegal rates of $200 to $285 depending on experience level); *Herfert v. Crayola LLC*, No. 11-01301, (W.D. Wash. Apr. 27, 2012) (approving KR hourly rates as reasonable); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. Jan. 9, 2009) (same). *See also In re Wash. Mut., Inc. ERISA Litig*., No. 08-01919 (W.D. Wash. Oct. 1, 2010) (approving percentage-of-fund award cross-checked against KR hourly rates); *Buus v. WAMU Pension Plan*, No. 07-00903 (W.D. Wash. Oct. 29, 2010) (same); *Youakim v. Isilon Sys., Inc.*, No. 07-1764 (W.D. Wash. Mar. 5, 2010) (same). Our hourly rates are also commonly approved as reasonable for purposes of lodestar cross-check in courts nationwide. *See, e.g., In re Volkswagen Clean Diesel Marketing, Sales Practices, and Products Liability Litigation,* No. 15-2672, 2017 WL 1047834, at *5 (N.D. Ca.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

March 17, 2017) (granting fee request and using lodestar cross-check rates that included Keller Rohrback's rates); Order and Final Judgment, *Hodges v. Bon Secours Health Sys., Inc.*, No. 16-01079 (D. Md. Dec. 21, 2017) (same); Order and Final Judgment, *Lann v. Trinity Health Corp.*, No. 14-02237 (D. Md. May 31, 2017) (same); *Griffith v. Providence Health & Servs.*, No. 14-1720, 2017 WL 1064392, at *2 (W.D. Wash. Mar. 21, 2017) (approving Keller Rohrback's usual and customary fees); Order Awarding Attorney's Fees and Litigation Expenses, *La. Firefighters' Ret. Sys. v. N. Trust Invs., N.A.*, No. 09-07203 (N.D. Ill. Aug. 5, 2015) (same); *Keithly v. Intelius, Inc.*, No. 09-01485, 2013 WL 2064876, at *3 (W.D. Wash. Nov. 21, 2013) (approving percentage-of-fund award and cross-checking it using Keller Rohrback's regular hourly rates); Order Granting Plaintiff's Counsel's Application for Award of Attorney's Fees and Incentive Awards for Named Plaintiffs, *Cason-Merendo v. Detroit Med. Ctr.*, No. 06-15601 (E.D. Mich. Oct. 24, 2013) (approving percentage-of-fund award cross-checked against hourly rates); Order and Final Judgment Granting Private Plaintiffs' Counsels' Motion for Award of Attorneys' Fees, *In re Beacon Assocs. Litig.*, No. 09-00777 (S.D.N.Y. May 29, 2013) (approving Keller Rohrback attorneys' rates).

29. The combined lodestar for Keller Rohrback L.L.P. and HammondLaw are:

| Firm | Lodestar | Hours |
|---|---|---|
| Keller Rohrback L.L.P. | $102,606.00 | 166.7 |
| HammondLaw | $83,019.50 | 141.9 |
| TOTAL | $185,625.50 | 308.6 |

30. This lodestar cross-check reveals that a 30% fee, $262,500, would represent a multiplier of approximately 1.41. This is well within the norm and is, in my experience, on the low end of multipliers found to be reasonable in analogous cases.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**REQUEST FOR REIMBURSEEMENT OF COSTS AND EXPENSES**

31. Class Counsel also incurred out-of-pocket litigation costs and expenses of $8,018.20. The costs are as follows:

32. Keller Rohrback has expended a total of $4,437.64 in expenses through September 18, 2018. These expenses include research expenses, document reproduction, mediation services and other case related expenses. Each of these expenses is documented and itemized. All of these expenses were reasonably and necessarily incurred in the prosecution of this litigation.

33. Keller Rohrback L.L.P.'s itemized expenses for this case are:

| Expense Category | Amount |
|---|---|
| Client Outreach | $1,198.45 |
| In-House Copies | $ 776.80 |
| Online research services | $ 354.67 |
| Mediation Services | $2,100.00 |
| Postage | $ 7.72 |
| Total | $4,437.64 |

34. As Mr. Hammond's accompanying declaration establishes, HammondLaw has incurred $3,580.56 in costs and expenses in this litigation.

35. Altogether, class Counsel have incurred reimbursable expenses in the amount of $8,018.20 ($4,437.64 by Keller Rohrback L.L.P. and $3,580.56 by HammondLaw). Petco does not oppose payment of costs and expenses up to $15,000. The $8,018.20 award requested here is eminently reasonable.

**REQUEST FOR NAMED PLAINTIFF'S SERVICE AWARD**

36. The proposed Award of $5,000 for the named plaintiff Deborah LePine is fair and reasonable. Ms. LePine was instrumental in prosecuting this lawsuit and was an important source of information during the course of this litigation. Ms. LePine provided invaluable assistance to Class Counsel in this case, including providing factual background for the Complaint; assisting



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

in preparing and evaluating the case for mediation; and providing Class Counsel with guidance to evaluate and approve the proposed settlement on behalf of the Class. Ms. LePine's participation and assistance was critical to the success of this litigation and the enforcement of Washington's wage and hour laws. Without her commitment to come forward and serve as class representative, this litigation would not be possible. Additionally, Ms. LePine agreed to assume the obligation to pay Petco's potential costs, a potentially large amount, if she did not prevail. Ms. LePine also assumed the risk of having her name attract public attention and being branded a troublemaker by the pet grooming industry. Petco does not oppose payment of a service award in an amount up to $7,500. The $5,000 award requested here is reasonable and should be approved.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATED this 24th day of September, 2018, in Seattle, Washington.

*s/ T. David Copley*
T. David Copley



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

Dated this September 24, 2018, at Seattle, Washington.

*s/Leslie Nims*
Leslie Nims, Legal Assistant

4849-7483-4290



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384