Hon. Benjamin H. Settle

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

DEBORAH LEPINE, individually and on
behalf of all others similarly situated,

                                    Plaintiff,

        v.

PETCO ANIMAL SUPPLIES STORES, INC.,
a Delaware Corporation,

                                    Defendant.

No. 3:17-cv-05483-RBL

**PLAINTIFF'S MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

NOTE ON MOTION CALENDAR:
November 9, 2018

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## <u>TABLE OF CONTENTS</u>

I.     OVERVIEW OF THE SETTLEMENT..................................................................... 1

II.    THE CLASS RECEIVED PROPER NOTICE OF THE SETTLEMENT ...................... 3

       A.     Content of the Notice ...................................................................... 3

       B.     Dissemination of the Notice............................................................ 4

       C.     No Objections and No Opt-outs....................................................... 4

III.   FINAL APPROVAL IS WARRANTED.......................................................... 4

       A.     The Settlement Class Satisfies the Requirements of Rule 23 ............... 5

       B.     The Settlement is Fair, Reasonable, and Adequate................................. 5

              1.     Class Members Will Receive Significant Recoveries ............... 5

              2.     Other Factors Support a Finding of Fairness ........................... 7

                     a.     The Parties Engaged in Arm's Length Negotiations ................... 8

                     b.     Significant Discovery and Investigation....................................... 8

                     c.     Class Counsel's Opinion............................................................. 9

                     d.     The Settlement is Unanimously Supported by the
                            Class ...................................................................................... 10

IV.    CONCLUSION.................................................................................................. 10

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - i
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Demetrio v. Sakuma Bros. Farms, Inc.*,
　183 Wn.2d 649 (2015) .......................................................................................................7, 8

*Hanlon v. Chrysler Corp.*,
　150 F.3d 1011 (9th Cir. 1998) .................................................................................4, 8, 9, 10

*Hughes v. Microsoft Corp.*,
　No. 98-1646, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ...........................................8

*Lewis v. Starbucks Corp.*,
　2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) .......................................................................9

*In re Mego Fin. Corp. Sec. Litig.*,
　213 F.3d 454 (9th Cir. 2000) ................................................................................................10

*Officers for Justice v. Civil Serv. Comm'n*,
　688 F.2d 615 (9th Cir. 1982) ..................................................................................................5

*Ortiz v. Fibreboard Corp.*,
　527 U.S. 815 (1999)................................................................................................................8

*Rodriguez v. West Publishing Corp.*,
　No. 05-3222, 2007 WL 2827379 (C.D. Cal. Sept. 10, 2007) ................................................7

*In re Syncor ERISA Litig.*,
　516 F.3d 1095 (9th Cir. 2008) ...............................................................................................8

*Williams v. Costco Wholesale Corp.*,
　No. 02-2003, 2010 WL 2721452 (S.D. Cal. Jul. 7, 2010) ....................................................10

*Wren v. RGIS Inventory Specialists*,
　No. 06–05778, 2011 WL 1230826 (N.D. Cal. April 1, 2011) ................................................7

**Rules**

Federal Rule of Civil Procedure 23 .................................................................................1, 3, 4, 5

**Other Authorities**

Newberg on Class Actions § 13.50 (5th ed.) .................................................................................9

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - ii
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

This class action was brought on behalf of approximately 933 non-exempt employees who were employed as pet groomers and/or in similar capacities for work performed in Washington State ("Class Members") at any time between June 22, 2014 and May 1, 2018 ("Class Period").[1] Plaintiff Deborah LePine ("Plaintiff") now seeks final approval of a proposed non-reversionary $875,000 class settlement of wage and hour claims against Petco Animal Supplies Stores, Inc., ("Defendant" or "Petco").

On August 7, 2018, the Court granted preliminary approval of the settlement, certified a settlement class, preliminarily approved Ms. LePine as the settlement class representative and Ms. LePine's counsel as settlement class counsel, approved the form and method of class notice, appointed Simpluris as the settlement claims administrator, set a date for a final approval hearing, and established appropriate deadlines. Dkt. 18.[2] At this time, the class has received proper notice. No class members have opted out of the settlement or objected to any aspect of it. Alcantara Decl. ¶¶ 13-14.

Plaintiff respectfully submits that the proposed settlement should be granted final approval because it satisfies all of the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") and is fair, adequate, and reasonable.

## I.   OVERVIEW OF THE SETTLEMENT

The factual background and procedural setting of the case was presented in Plaintiff's preliminary approval papers, Dkt. 16 at 1-3, and will not be recounted here. The key terms of the settlement are:

Settlement Fund – Petco will pay $875,000.00 ("Settlement Fund") inclusive of payments for all unpaid wages, interest and penalties to the Class, Plaintiff's counsel's attorneys' fees,

---

[1] The Settlement Agreement ("SA") refers to a class of 911. Dkt. 16-1 ¶ 7. The list of class members provided by Petco for purposes of notice included 933 names. Declaration of Norman Alcantara Regarding Notice and Settlement Administration ("Alcantara Decl.") ¶ 6. In this Motion we use the larger number.

[2] The Preliminary Approval Order refers to the Settlement Agreement (SA) as Exhibit 1, but the Preliminary Approval Order available on PACER does not have an attachment. This clerical error is inconsequential, however. The essential terms of the settlement are summarized in the Preliminary Approval Order and the class notice (which tells class members how and where to find the entire text of the SA). The full text of the SA is in the record at Dkt. 16-1, it was published on the settlement claims administrator's website (http://docs.simpluris.com/3848/Petco_LePine_SA.pdf), and it was published on Keller Rohrback's website.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 1
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

costs, and expenses, service awards for the Class Representative, and the costs of settlement administration. This settlement amount is non-reversionary -- none of it will revert back to Petco if the Settlement is approved and becomes final. SA ¶ 8.

Settlement Class Definition and Settlement Class Period – This Class is defined as: all current and former Petco employees employed as pet groomers and/or in similar capacities in Washington State during the Settlement Class Period (the period of time from June 22, 2014 through May 1, 2018). SA Definitions S, W.[3]

Allocation of Proceeds – The Net Settlement Fund (the amount remaining in the Settlement Fund after court-approved deductions for attorneys' fees, costs, and expenses, settlement administration costs, and Class Representative service award) – will be distributed to Participating Class Members (a) *per capita* in the amount of $200 each; plus (b) *pro-rata* based on each Class Member's comparative number of Commission Pay Periods during the Class Period compared to the total number of all Class Members' Commission Pay Periods during the Class Period. SA ¶ 8(D). This settlement creates a common fund for the benefit of 933 class members. The average gross recovery per Class Member is approximately $937. Every Class Member will receive a *per capita* award of at least $200. Those Class Members with quantifiable rest break claims based on Commission Pay Periods – an estimated 563 Class Members – will receive an average *net* award of at least $912.[4] In this way, every Class Member will receive some compensation and those Class Members with greater losses, *i.e.,* more Commission Pay Periods worked during the Class Period, will receive additional compensation on a pro-rata basis.

---

[3] The SA correctly defines the Settlement Class Period as the period of time from June 22, 2014 through May 1, 2018, as does SA Ex. A. Settlement Agreement Exhibits B and C contain typographical errors: they mistakenly refer to the end of the Settlement Class Period as May 31, 2018. The Court's Preliminary Approval Order used the correct time period. The accompanying Proposed Order Granting Final Approval uses the correct time period.

[4] Dkt. 19 at 3 n.2. The Court will notice that this calculation differs slightly from the calculation presented in Plaintiff's Motion for Preliminary Approval. The preliminary approval papers assumed that Plaintiffs would seek and the Court would award the maximum attorneys' fees, expenses, administration costs and service award allowed under the settlement agreement. *See* Dkt. 16 at 16 n.5; Dkt. 17 at 9 n.4. This was appropriate at the preliminary approval stage and necessary in order to notify the class of the *minimum* net amount available under the settlement. Now, the class size is known to be 933 (up from 911) and the Net Settlement Fund amount is higher than originally estimated because Plaintiffs are seeking less in attorneys' fees, expenses, administration costs and service award than the settlement agreement allows. *See* Dkt. 20 ¶ 12 ("In every category, the instant request for fees and costs is significantly less than the amounts specified in the Settlement Agreement"). As a result, class members' average net awards are higher than originally estimated.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 2
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

<u>No Claims Made Procedure</u>– Settlement Class Members will not be required to file a claim in order to receive their share of the Net Settlement Fund. Dkt. 16-1 at 19.

<u>Settlement Administration</u> – The Settlement Administrator has, among other things, distributed the Class Notice, responded to Class Member inquiries, and reported to the Parties on the notice/opt out process. Should the Court grant Final Approval, the Settlement Administrator will draw and distribute checks to the Settlement Class Members, administer the Settlement Fund, prepare and file any necessary tax reporting for the Settlement Fund, and report to the Parties on the Settlement Fund. SA ¶ 3(C); 8.

<u>Tax Consequences of Settlement Payments</u> – Each Participating Settlement Class Member's individual settlement payment will be treated as follows: 50% will be allocated alleged unpaid wages for which an IRS Form W-2 will be issued; 50% will be allocated to alleged statutory or other non-wage damages and unpaid interest for which an IRS Form 1099-MISC will be issued. SA ¶ 8(E).

<u>Consideration and Release of Claims</u> – The release contemplated by the proposed Settlement corresponds to the Complaint, releasing claims arising from or based on Petco's alleged failure to pay separately and hourly for rest breaks and to provide timely meal periods. SA ¶ 2.

## II.      THE CLASS RECEIVED PROPER NOTICE OF THE SETTLEMENT

### A.      Content of the Notice

The Court-approved notice is modeled on forms created by the Federal Judicial Center that are "designed to illustrate how attorneys and judges might comply with Federal Rule of Civil Procedure 23(c)(2)(B), which says that class action notices 'must concisely and clearly state in plain, easily understood language' specific information about the nature and terms of a class action and how it might affect potential class members' rights."[5] The notice provides all the

---

[5] https://www.fjc.gov/content/301253/illustrative-forms-class-action-notices-introduction. Plaintiffs used the form designed for "Employment Discrimination Class Action Certification: Full Notice," found at: https://www.fjc.gov/content/employment-discrimination-notices.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 3
(3:17-cv-05483-RBL)

information class members need to evaluate the settlement, seek additional information, and opt-out or object if they choose.

**B.      Dissemination of the Notice**

In compliance with the Court's Order Granting Preliminary Approval, on August 7, 2018, Petco provided Simpluris, the settlement administrator, with a list containing names, most recent mailing address and telephone numbers, social security numbers, and pertinent employment information for each class member during the class period. Alcantara Decl. ¶ 6. Simpluris performed a search for updated addresses. *Id*. ¶ 7. On September 6, 2018, Simpluris mailed the court-approved notice to 933 class members. *Id*. ¶ 8. Of the 933 notices mailed to class members, 16 were returned as undeliverable on the first mailing. Simpluris promptly performed a skip-trace for the 16 returned notices, but no other address information was found. *Id.* ¶ 9. As a result, more than 98% of class members received personal mailed notice of the settlement. In addition, the class notice and settlement agreement were posted on Simpluris' website and Keller Rohrback's website.[6] This notice program was commercially reasonable and was the best notice practicable under the circumstances.

Simpluris operated a toll-free telephone number for class members to call with inquiries concerning the settlement. *Id*. ¶ 4.

**C.      No Objections and No Opt-outs**

The notice provided detailed instructions on how to opt-out or object and provided an October 6, 2018 deadline to do so. Not a single class member submitted an objection or opted out. Alcantara Decl. ¶¶ 13-14.

**III.      FINAL APPROVAL IS WARRANTED**

Federal Rule of Civil Procedure 23 requires that all class action settlements satisfy two fundamental requirements before a court may grant approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified (*Hanlon v. Chrysler Corp.*,

---

[6] *See* footnote 2, *supra*.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 4
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

150 F.3d 1011, 1020 (9th Cir. 1998)); and (2) that the settlement is fair, reasonable, and adequate (Fed. R. Civ. P. 23(e)(2)). Here, both of these requirements are satisfied.

## A.    The Settlement Class Satisfies the Requirements of Rule 23

The Court's Preliminary Approval Order conditionally certified the class under Fed. R. Civ. P. 23, subject to final approval. Dkt. 18 at 1. No information has arisen since the Preliminary Approval Order that has any bearing on the question of class certification. An Order granting final approval of the settlement should unconditionally certify the settlement class.

The record demonstrates that the settlement class satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a). Dkt. 16 at 6-8. Certification is proper under Rule 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id*. at 8-9.

## B.    The Settlement is Fair, Reasonable, and Adequate

In deciding whether to approve a proposed class action settlement, the Court must find that the proposed settlement is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

### 1.    Class Members Will Receive Significant Recoveries

Here, the settlement represents a significant percentage of the maximum value of the unpaid wages (excluding double damages) that Plaintiff contends are owed to the Settlement Class, and is a fair compromise given the uncertainties presented by continued litigation. Dkt. 16 at 10-16. A fundamental measure of fairness is comparing the settlement amount to the amount the plaintiff reasonably might have hoped to achieve at trial (assuming for a moment that there is no litigation risk).

Here:

- Plaintiff and Class Members worked an average 7 hours per day, 5 days per week, at an average hourly rate of $17.32 per hour (including commission pay);

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 5
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

- Plaintiff and Class Members were paid on a commission basis on 90,510 seven-hour days, thus entitling them to hourly and separate pay for 181,020 ten-minute rest breaks, or 30,170 hours, at their average hourly rate. This resulted in class-wide rest break single damages of approximately $522,544;

- On approximately 12,034 occasions Class Members were underpaid for short or untimely meal breaks, leading to class-wide single meal break damages of approximately $104,214;

- If Petco's conduct is found to be willful, Plaintiff and the Class are entitled to double damages on the amounts stated above, or an additional approximate $626,758;

- Plaintiff and the Class are entitled to recover their reasonable attorneys' fees, which we estimate would total at least $300,000;

- Adding the numbers above, it is fair to estimate that the total class-wide value of Plaintiff's claims, assuming total victory, would be in the range of $626,758 (for her core unpaid wage claims) and $1,553,516 (including double damages and attorneys' fees);

- The proposed settlement represents 56% of Petco's maximum exposure of $1,553,516 under Plaintiff's best-case-scenario.[7] It represents 140% of Petco's maximum exposure of $626,758 on Plaintiffs' unpaid wage claims only.

*Id.* at 15-16.

- The average gross recovery per Class Member is approximately $937.

- Every Class Member will receive a *per capita* award of at least $200. Those Class Members with quantifiable rest break claims based on Commission Pay Periods –

---

[7] $875,000 / $1,553,516

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

an estimated 563 Class Members – will receive an average *net* award of at least $912.[8]

These are substantial recoveries for class wage and hour claims, especially in light of the litigation risks, uncertainties, and delays inherent to all litigation, and the fact this case presented a novel and untested question of whether the holding in *Demetrio v. Sakuma Bros. Farms, Inc.*, 183 Wn.2d 649, 657 (2015) that agricultural piece- rate workers are entitled to separate and hourly pay for rest breaks applies to commission-based employees like Class Members. Petco asserted and would have continued to assert legal and factual grounds to defend against this action. While Plaintiff's counsel are confident that Petco violated Washington State law, continued litigation would be costly, time consuming, and uncertain in outcome. Plaintiff would still have to litigate class certification, establish class-wide liability, and then prove up various issues regarding damages. Such efforts would likely take years and necessitate expert witness testimony, as well as other costs, risks, and potential delays. Appellate risks could further delay and jeopardize recovery. By contrast, this Settlement ensures timely relief and substantial recovery of the unpaid rest breaks and meal breaks Plaintiff contends are owed to the Settlement Class. All things considered, Plaintiffs submit that the settlement is adequate and unquestionably reasonable.

## 2.  Other Factors Support a Finding of Fairness

There is a presumption of fairness if "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected.'" *Rodriguez v. West Publishing Corp.,* No. 05-3222, 2007 WL 2827379, at *7 (C.D. Cal. Sept. 10, 2007) (citations omitted). *See also Wren v. RGIS Inventory Specialists*, No. 06–05778, 2011 WL 1230826, at *6 (N.D. Cal. April 1, 2011) (there is a presumption of fairness "if the settlement is recommended by class counsel after arm's-length bargaining."). There is "a strong judicial policy that favors

---

[8] The estimated Net Settlement Fund is at least $587,984.17. After deducting the $186,600 in per capita payments ($200 * 933 Class Members) the remainder will be paid pro rata to those 563 Class Members who worked at least one Commission Pay Period.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 7
(3:17-cv-05483-RBL)

settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Considering these factors, the proposed settlement is clearly fair, reasonable, and adequate.

### a. The Parties Engaged in Arm's Length Negotiations

The settlement was a product of intensive, adversarial litigation between the parties that was well-informed by significant discovery and was reached only after a full-day mediation with a highly experienced employment law mediator, Clifford Freed. Dkt. 16 at 3. The parties continued to negotiate as they worked out the language of the ultimate settlement agreement.

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining as it was here. *See Hanlon,* 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *see also Hughes v. Microsoft Corp.,* No. 98-1646, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery"). As the United States Supreme Court has held, "[o]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining…" *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 852 (1999).

### b. Significant Discovery and Investigation

Plaintiff's Counsel investigated and researched the facts and circumstances underlying the pertinent issues and applicable law prior to filing the Complaint. This included research of the novel and untested question presented by this case: whether the ruling in *Demetrio v. Sakuma Bros. Farms, Inc.*, 183 Wn.2d 649, 657 (2015) that agricultural piece- rate workers are entitled to separate and hourly pay for rest breaks applies to commission-based employees like Class Members. Class Counsel's pre-filing investigation also included witness interviews and document collection/review.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 8
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1       This investigation continued after the case was filed through formal and informal

2   discovery, which included highly relevant class data from Petco such as written policies

3   including its meal and rest break policies; time-recording policies; compensation policies;

4   employee handbooks; job descriptions; wage statements; clock-in and clock-out data; and pay

5   data. As a result, Plaintiff's counsel were able to realistically estimate class damages and assess

6   the risks of further litigation. It was only after the Parties thoroughly investigated and evaluated

7   the strengths and weakness of the case, and attended a full-day mediation, that the settlement was

8   completed.

9       Thus, Plaintiff engaged in substantial discovery and obtained "sufficient information to

10  make an informed decision about settlement." Newberg on Class Actions § 13.50 (5th ed.)

11  (quoting *Barani v. Wells Fargo Bank, N.A.,* No. 12-2999, 2014 WL 1389329, at *5 (S.D. Cal.

12  Apr. 9, 2014). *See Lewis v. Starbucks Corp.*, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008)

13  ("approval of a class action settlement is proper as long as discovery allowed the parties to form

14  a clear view of the strengths and weaknesses of their cases"). This litigation, therefore, has

15  reached the stage where the Parties have a clear view of the strengths and weaknesses of their

16  respective cases sufficient to support the Settlement.

17      **c.**    **Class Counsel's Opinion**

18      When assessing the fairness of a proposed settlement, the court must consider the views

19  and experience of counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d at 1026. It is the view of Class

20  Counsel that the settlement is fair, reasonable, and adequate. The Settlement results in a

21  significant benefit to the Class, providing $875,000 on behalf of a total of 933 Class Members,

22  with no reversion to Petco and without the need for Class Members to submit any claims. Every

23  settlement represents a balance of risk and reward. Here, Class Counsel have concluded that the

24  Settlement is fair, reasonable, and adequate, especially in light of the excellent financial result

25  for the class and the risks presented by the novel legal theory asserted.

26

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 9
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

#### d. The Settlement is Unanimously Supported by the Class

No Class Member has filed an objection to the Settlement or opted out. Alcantara Decl. ¶¶ 13-14. This strongly indicates that the class members favor the Settlement. *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (presence of only one opt-out supports district court's approval of settlement). Such unanimity of approval is a strong sign that the settlement terms are fair, reasonable and adequate. *Williams v. Costco Wholesale Corp.*, No. 02-2003, 2010 WL 2721452, at *5 (S.D. Cal. Jul. 7, 2010) ("The absence of any objector strongly supports the fairness, reasonableness, and adequacy of the settlement.").

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs ask the Court to enter the proposed Order Granting Final Approval of the Settlement.

Plaintiffs have moved separately for an award of attorneys' fees and costs and class representative service award. *See* Dkts. 19 (Memorandum), 20, 21, 22 (supporting declarations) & 19-1 (Proposed Order).

When the Court has decided this Motion for Final Approval *and* the collateral motion for fees, costs and class representative service award, it will be appropriate for the Court to enter a Final Judgment in the case.

DATED this 2nd day of November, 2018.

s/ *T. David Copley*
T. David Copley, WSBA #19379
Tana Lin, WSBA #35271
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: dcopley@kellerrohrback.com
Email: tlin@kellerrohrback.com

s/ *Julian Hammond*
Julian Hammond, WSBA #52096
HAMMOND LAW, P.C.
1829 Reisterstown Rd., Suite 410
Baltimore, MD 21208
Phone: (310) 601-6766
Fax: (310) 295-2385
Email: jhammond@hammondlawpc.com

*Attorneys for Plaintiff Deborah LePine*

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 10
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

## <u>CERTIFICATE OF SERVICE</u>

2
3
4
5

      I certify that on November 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

      Dated this November 2, 2018, at Seattle, Washington.

6
7

                      *s/Leslie Nims*
                      Leslie Nims

8

4821-8795-2249

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 11
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384