# EXHIBIT A

## U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT FOR THE</small> W<small>ESTERN</small> D<small>ISTRICT OF</small> W<small>ASHINGTON</small>

**If you worked for Petco as a pet groomer in Washington State at any time between June 22, 2014 and May 1, 2018, you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

«Barcode»   «BarcodeString»
SIMID  «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State»  «Zip»

- A settlement of $875,000 has been proposed to pay certain Petco employees in Washington State, and to cover certain fees and expenses.

- The settlement resolves a lawsuit over whether Petco underpaid employees for rest breaks and/or meal breaks; it avoids costs and risks to you from continuing the lawsuit; pays money to past and present employees; and releases Petco from liability.

- Court-appointed lawyers for Petco employees will ask the Court for up to $306,637 as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on how much money could have been won if the employees won at trial; if the employees lost at trial, they would receive nothing.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| Y<small>OUR</small> L<small>EGAL</small> R<small>IGHTS AND</small> O<small>PTIONS IN THIS</small> S<small>ETTLEMENT</small>: | |
|---|---|
| **D<small>O</small> N<small>OTHING</small>** | If you do nothing, you will receive a settlement check and release all claims. |
| **E<small>XCLUDE</small> Y<small>OURSELF</small>** | If you exclude yourself from the settlement, you will not receive a settlement check. You will not release any claims. You will retain the right to bring a separate lawsuit against Petco at your own risk and at your own expense. |
| **O<small>BJECT</small>** | Write to the Court about why you don't like the settlement. |
| **G<small>O TO A</small> H<small>EARING</small>** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**…………………………………………………………………………………………3
    1.   Why did I get this notice package?……………………………………………………………………3
    2.   What is this lawsuit about?………………………………………………………………………….3
    3.   Why is this a settlement class action?………………………………………………………………3
    4.   Why is there a settlement?…………………………………………………………………………3

**WHO IS IN THIS SETTLEMENT**……………………………………………………..……………….........3
    5.   How do I know if I am part of the settlement?...............................................................................3
    6.   Are there exceptions to being included?........................................................................................3
    7.   I'm still not sure if I'm included……………………………………………………………………3

**THE SETTLEMENT BENEFITS—WHAT YOU GET**……………………………………………………..4
    8.   What does the settlement provide?.................................................................................................4
    9.   How much will my payment be?....................................................................................................4

**HOW DO I GET A PAYMENT**……………………………………………………………………………....4
    10.   How can I get a settlement payment?...........................................................................................4
    11.   When would I get my settlement payment?..................................................................................4
    12.   What am I giving up to get a payment or stay in the Settlement Class?......................................4

**EXCLUDING YOURSELF FROM THE SETTLEMENT**………………………………………………….4
    13.   How do I get out of the settlement?..............................................................................................4
    14.   If I don't exclude myself, can I sue Petco for the same thing later?............................................5
    15.   If I exclude myself, can I get money from this settlement?..........................................................5

**THE LAWYERS REPRESENTING YOU**……………………………………………………………........5
    16.   Do I have a lawyer in this case?....................................................................................................5
    17.   How will the lawyer be paid?.........................................................................................................5

**OBJECTING TO THE SETTLEMENT**……………………………………………………………………..5
    18.   How do I tell the Court that I don't like the settlement?.............................................................5
    19.   What's the difference between objecting and excluding?.............................................................5

**THE COURT'S FAIRNESS HEARING**…………………………………………………………………….5
    20.   When and where will the Court decide whether to approve the settlement?...............................6
    21.   Do I have to come to the hearing?.................................................................................................6
    22.   May I speak at the hearing?...........................................................................................................6

**IF I DO NOTHING**……………………………………………………………………………………………6
    23.   What happens if I do nothing at all?..............................................................................................6

**GETTING MORE INFORMATION**………………………………………………………………………...6
    24.   Are there more details about the settlement?...............................................................................6
    25.   How do I get more information?...................................................................................................6

Page 2 of 6
CLASS NOTICE
QUESTIONS?  CALL (888) 406-4986 TOLL FREE, OR VISIT WWW.PETSETTLEMENT.COM

«Barcode»
«BarcodeString»
SIMID  «SIMID»

6

**BASIC INFORMATION**

**1.    Why did I get this notice package?**

According to Petco's records, you might be eligible for payment under the proposed settlement.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections and appeals are resolved, an administrator appointed by the Court will make payments to eligible settlement class members that the settlement allows.

You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Western District of Washington, and the case is known as *LePine v. Petco Animal Supplies Stores, Inc.*, Case No. 17-cv-05483-RBL. The people who sued are called Plaintiffs, and the company they sued, Petco Animal Supplies Stores, Inc. ("Petco"), is called the Defendant.

**2.    What is this lawsuit about?**

The lawsuit claims that Petco underpaid Washington employees who performed pet grooming services during the time period June 22, 2014 to May 1, 2018 (the "Class Period"). Specifically, the lawsuit claims that Washington pet groomers should have been paid separately and apart for statutory rest periods, but they were not. The lawsuit also claims that Petco failed to provide those same employees with timely 30-minute meal breaks. Plaintiff sought recovery of unpaid wages, double damages, interest, and attorneys' fees and costs. Petco vigorously denies all the claims and contentions made in the lawsuit and maintains it has fully complied with the law.

**3.    Why is this a settlement class action?**

In a settlement class action, one or more people called Settlement Class Representatives (in this case Deborah LePine), sue on behalf of people who have similar claims and then agree to a proposed settlement for such people ("Settlement Class Members"). One court decides whether to approve the settlement for all Settlement Class Members (except for those who exclude themselves from the Settlement Class). U.S. District Judge Ronald B. Leighton is in charge of this settlement.

**4.    Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendant. The Plaintiff thinks she could have won if she went to trial. The Defendant thinks Plaintiff would not have won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Settlement Class Representative and the attorneys think the settlement is best for all Settlement Class Members.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this settlement, you first have to decide if you are a Settlement Class Member.

**5.    How do I know if I am part of the settlement?**

Judge Leighton decided that everyone who fits this description is a Settlement Class Member: *All current and former Petco employees employed as pet groomers and/or in similar capacities in Washington State between June 22, 2014 through May 1, 2018.*

**6.    Are there exceptions to being included?**

No. If you fit the description above, you are a Settlement Class Member.

**7.    I'm still not sure if I am included.**

Petco employment and payroll records identify all Settlement Class Members. If you are unsure of your status, contact Settlement Class Counsel listed below in section 16.

**THE SETTLEMENT BENEFITS—WHAT YOU GET**

| 8. | What does the settlement provide? |
|---|---|

Petco has agreed to pay a total of $875,000. This amount will be used to pay for the cost of the Settlement Class notice and administration in an amount determined by the Court but not to exceed $25,000, attorneys' fees and expenses in an amount determined by the Court but not to exceed $306,637, and a Settlement Class Representative service award in an amount to be determined by the Court but not to exceed $7,500. After the payment of these amounts, the net settlement fund will be divided among Settlement Class Members who choose to participate in the case. Settlement Class Members who exclude themselves from participating in the case (*see* section 13 below), will not receive any proceeds from the settlement.

| 9. | How much will my payment be? |
|---|---|

Every Settlement Class Member will automatically receive a minimum $200 settlement payment. In addition, if you received Commission Pay during a specified time period covered by the settlement, you are entitled to an additional payment calculated by dividing the total number of pay periods during which you were paid Commission Pay by the total number of pay periods during which the entire Settlement Class received Commission Pay. The resulting fraction or percentage is your pro-rata share of the remainder of the Net Settlement Class Fund. Petco's business records show that you received Commission Pay during «MERGED_PayPeriods_CALC» pay periods, meaning that you are entitled to $200 + $«MERGED_CommissionPay_CALC» for a total payment of $«MERGED_EstSettAmnt_CALC». The entire net settlement fund will be distributed as described above.

**HOW YOU GET A PAYMENT**

| 10. | How can I get a settlement payment? |
|---|---|

To qualify for a settlement payment, Petco's records must show that you were employed as a pet groomer in the State of Washington between June 22, 2014 and May 1, 2018.

You do not need to file a claim. The settlement administrator will mail a check to your last known address shown in Petco's records.

| 11. | When would I get my settlement payment? |
|---|---|

The Court will hold a hearing on November 9, 2018 at 9:30 a.m. to decide whether to approve the settlement. If Judge Leighton approves the settlement, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

| 12. | What am I giving up to get a payment or stay in the Settlement Class? |
|---|---|

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Petco about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Petco, at your own risk and expense, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

| 13. | How do I get out of the settlement? |
|---|---|

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *LePine v. Petco Animal Supplies Stores, Inc.*, Case No. 17-cv-05483-RBL. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than October 6, 2018 to:

Lepine v. Petco Animal Supplies Stores, Inc.
P.O. Box 26170
Santa Ana, CA 92799
Telephone: (888) 406-4986

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Petco in the future.

| **14.** | **If I don't exclude myself, can I sue Petco for the same thing later?** |

No. Unless you exclude yourself, you give up any right to sue Petco for the claims that this settlement resolves. If you have a pending lawsuit speak to your lawyer in that case immediately. You may have to exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is October 6, 2018.

| **15.** | **If I exclude myself, can I get money from this settlement?** |

No. If you exclude yourself, you will not receive any money from this settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Petco.

### THE LAWYERS REPRESENTING YOU

| **16.** | **Do I have a lawyer in this case?** |

The Court appointed HammondLaw, P.C. and Keller Rohrback L.L.P. to represent you and other Settlement Class Members. These lawyers are called Settlement Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. You can contact Settlement Class Counsel at:

| **HAMMONDLAW, P.C.** | **KELLER ROHRBACK L.L.P.** |
|---|---|
| Julian Hammond, Esq. | T. David Copley, Esq. |
| 1829 Reisterstown Rd., Suite 410 | 1201 Third Avenue, Suite 3200 |
| Baltimore, MD 21208 | Seattle, WA 98101 |
| (310) 601-6766 | 888-686-1592 |
| jhammond@hammondlawpc.com | employmentlawgroup@kellerrohrback.com |

| **17.** | **How will the lawyers be paid?** |

Settlement Class Counsel will ask the Court to approve payment of up to $306,637 to them for attorneys' fees and expenses and payment of $7,500 to Deborah LePine for her services as Settlement Class Representative. The fees would pay Settlement Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| **18.** | **How do I tell the Court that I don't like the settlement?** |

If you're a Settlement Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *LePine v. Petco Animal Supplies Stores, Inc.*, Case No. 17-cv-05483-RBL. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the Court and the settlement administrator postmarked no later than October 6, 2018:

| **COURT** | **SETTLEMENT ADMINISTRATOR** |
|---|---|
| Clerk of the Court | Lepine v. Petco Animal Supplies Stores, Inc. |
| U.S. District Court Western District of Washington, at Tacoma | P.O. Box 26170 |
| 1717 Pacific Avenue, Room 3100 | Santa Ana, CA 92799 |
| Tacoma, WA 98402 | Telephone: (888) 406-4986 |

| **19.** | **What's the difference between objecting and excluding?** |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| 20. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a Fairness Hearing at 9:30 a.m. on Friday, November 9, 2018 in Room 3100 at the United States District Court for the Western District of Washington, 1717 Pacific Avenue, Tacoma, Washington, 98402. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Leighton will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Settlement Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Settlement Class Counsel will answer any questions Judge Leighton may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

| 22. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *LePine v. Petco Animal Supplies Stores, Inc.*, Case No. 17-cv-05483-RBL." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than October 6, 2018 and be sent to the Clerk of the Court and the settlement administrator at the addresses listed above in section 18. You cannot speak at the hearing if you excluded yourself.

**IF YOU DO NOTHING**

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will receive money from the settlement. A check will be mailed to you.

**GETTING MORE INFORMATION**

| 24. | Are there more details about the settlement? |
|---|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by contacting HAMMONDLAW, P.C. or KELLER ROHRBACK L.L.P. at the address and number listed above in Section 16, or by visiting www.PETsettlement.com.

| 25. | How do I get more information? |
|---|---|

You can call (888)-406-4986 toll free; write to LePine v. Petco Animal Supplies Stores, Inc., P.O. Box 26170, Santa Ana, CA 92799; or visit the website at www.PETsettlement.com, where you will find answers to common questions about the settlement.