Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

DEBORAH LEPINE, individually and on
behalf of all others similarly situated,

                                    Plaintiffs,

        v.

PETCO ANIMAL SUPPLIES STORES, INC.,
a Delaware Corporation,

                                    Defendants.

No. 3:17-cv-05483-RBL

**ORDER GRANTING MOTION FOR
APPROVAL OF ATTORNEYS' FEES
AND COSTS AND CLASS
REPRESENTATIVE AWARD**

        The Court, having read and considered all of the papers of the parties and their counsel,

including Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Class Representative

Award and supporting pleadings filed on September 24, 2018, and having received no objections

or opposition to the motion; and good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS**:

        1.      Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Class

Representative Award is GRANTED as set forth herein.

        2.      An attorneys' fee award equal to 30% of the common fund is fair, adequate,

reasonable. The Ninth Circuit has articulated a non-exhaustive list of factors for evaluating the

reasonableness of a fee request including: (1) the results achieved; (2) the risks of litigation; (3)

the skill required and the quality of the work; (4) the contingent nature of the fee and the

financial burden carried by the plaintiffs; and (5) awards made in similar cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). Each of these factors supports approval of the requested attorneys' fees.

3.      The result achieved is the most important factor to be considered in making a fee award. Here, the $875,000 Settlement Amount is *more* than Plaintiff's estimated class-wide single damages on her core wage claim ($626,758), and a large fraction of her estimated class-wide best-case scenario including double damages and attorneys' fees ($1,553,516). On an individual class-member basis, the average gross recovery approximately $960. Each of the 911 known Class Members will receive a *per capita* award of at least $200. Those Class Members with quantifiable rest break claims based on Commission Pay Periods – an estimated 563 Class Members – will receive an average *net* award of at least $1,044.37. These recoveries are substantial, indicate that an excellent result has been achieved for the class, and tend to support a 30% fee award.

4.      In addition to the sheer amount, several features of the settlement make it beneficial for the class. There is no reversion to Petco; all of the $875,000 will go to the Class and Court-approved expenses. There is no gross disparity between the requested fee award and the amount of money going to the class. The large majority of the Settlement Amount will go to participating class members, even after the payment of any attorneys' fees, costs and other Court-approved expenses. And the Court's schedule for filing the fee petition ensures that Class Members have an opportunity to review the fee petition *before* their deadline to object or opt-out. These structural and procedural elements demonstrate that the requested fee is not suspect or deficient.

5.      Plaintiff faced significant risks of litigation. The core claim was a novel issue of law in Washington, and Defendant had several potential defenses to class certification, on the merits, and as to damages. Overall, the risks presented tend to support a 30% fee award.

ORDER GRANTING MOTION FOR APPROVAL OF ATTORNEYS'
FEES AND COSTS AND CLASS REPRESENTATIVE AWARD - 2
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.      Class counsel demonstrated skill in representing Ms. LePine and the putative class. They researched and asserted a novel legal theory, obtained and analyzed a large amount of compensation and payroll data efficiently, brought the case to relatively quick mediation, and negotiated a substantial settlement for the class. From the date of filing to proposed settlement, Class Counsel diligently moved the case to resolution in approximately one year. Class Counsel's skill is representing the class and timely obtaining a substantial recovery is a factor tending to support a 30% fee award.

7.      Class Counsel accepted this representation on a contingent fee basis. If the case did not go well, Class Counsel risked receiving zero compensation for their efforts. As noted above, the case was relatively risky because the law was, and is, unsettled. The contingent nature of the representation tends to support a 30% fee award.

8.      In setting an appropriate percentage fee award, it is also appropriate to consider awards in similar cases. Here, Class Counsel seek an award of 30% of the common fund for their attorneys' fees – a percentage commonly awarded by courts in the Western District of Washington.

9.      All of the factors discussed above tend to support a 30% fee award, but the Court's analysis does not stop there. A lodestar cross-check can help confirm or refute the reasonableness of a percentage fee award that otherwise seems appropriate. Applying a lodestar cross-check, the Court finds that Class Counsel reasonably devoted approximately 308.6 hours to the prosecution of this case. The declarations of Class Counsel describe the work performed, who performed it, and how many hours each person devoted to the case. These declarations persuade the Court that the amount of work expended – the number of hours billed – is reasonable. The Court also has reviewed the billing rates reported for each timekeeper who contributed to lodestar. These rates are within the range of reasonable rates charged by quality attorneys in this District and within the range of rates approved in other cases in this District, and elsewhere, as reasonable.

ORDER GRANTING MOTION FOR APPROVAL OF ATTORNEYS'
FEES AND COSTS AND CLASS REPRESENTATIVE AWARD - 3
(3:17-cv-05483-RBL)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

10.     Considering the number of hours and hourly rates reported, Class Counsel's lodestar of $185,625.50 provides a reasonable and useful basis for evaluating the reasonableness of the requested 30% fee award. A 30% fee award – $262,500.00 – would represent a multiplier of approximately 1.41 above lodestar incurred to date. Class Counsel will continue to provide services for the Class through the final approval process and settlement administration process, which will make the eventual multiplier even lower than 1.41. Multipliers are appropriate in class action contingent fee litigation when counsel has obtained a meaningful benefit for the putative class, as Class Counsel has done here. The Court is satisfied that a lodestar cross-check confirms the fairness, reasonableness and adequacy of the requested fee award.

11.     The Court also reviewed the expenses for which Class Counsel seek reimbursement. The declarations of Class Counsel demonstrate that all of the expenses claimed were usual and customary litigation costs, recoverable if the Court so allows. The Court hereby awards Class Counsel their litigation costs in the requested amount.

12.     The Court has considered whether to award Ms. LePine a separate award recognizing her service as a class representative. The evidence shows that Ms. LePine made a significant contribution to the success of the case, faithfully executed her duties as a class representative, and exposed herself to inconvenience and risk in doing so. Services awards are widely recognized as appropriate in such circumstances. The suggested $5,000 award is not excessive and is found to be fair and reasonable here.

13.     For the reasons set forth above, the Court hereby:

a.     Approves the payment of attorneys' fees to Class Counsel in the amount of $262,500, which is 30% of the Settlement Amount recovered for the Class, to be paid from the Settlement Amount subject to the terms of the Settlement Agreement;

b.     Approves the payment of $8,018.20 to Class Counsel for out-of-pocket expenses reasonably incurred during this litigation, to be paid from the Settlement Amount subject to the terms of the Settlement Agreement; and

ORDER GRANTING MOTION FOR APPROVAL OF ATTORNEYS'
FEES AND COSTS AND CLASS REPRESENTATIVE AWARD - 4
(3:17-cv-05483-RBL)

1

     c.     Approves the payment of $5,000.00 to class representative Deborah

2

LePine as a service award, to be paid from the Settlement Amount subject to the terms of

3

the Settlement Agreement.

4

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

5

DATED this 9th day of November, 2018.

6

7

8

     BENJAMIN H. SETTLE

United States District Judge

9

10

11

4831-4420-8756, v. 1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING MOTION FOR APPROVAL OF ATTORNEYS'
FEES AND COSTS AND CLASS REPRESENTATIVE AWARD - 5
(3:17-cv-05483-RBL)

**KELLER ROHRBACK L.L.P.**

1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384